In the Matter of the Estate of William G. FARGO, Deceased.

(Surrogate's Court, Erie County, May, 1911.)

Executors and administrators — Debts and liabilities of the estate — Of estate or of beneficiaries — Taxes and assessments; Insurance. Trusts: Compensation — Apportionment among several funds: Accounting and discharge — Costs.

A judgment of the Supreme Court, instructing testamentary trustees as to the disposition of the estate and the payment of

Surrogate's Court, Erie County, May, 1911.     [Vol. 72.

taxes, assessments and premiums of insurance, is conclusive upon the parties in interest of full age who appeared in the action, brought by the trustees to obtain such instructions, in subsequent proceedings in the Surrogate's Court for the settlement of the accounts of said trustees.

Where a will directs that the executors shall be paid out of the estate, from time to time, a proper compensation for their services, without regard to statutory fees, their annual compensation should be apportioned equally between principal and income in the absence of specific direction that it shall be paid from the income.

The ordinary legal expenses of annual accountings by testamentary trustees are chargeable to the income.

All items relating to sale of real estate, brokers' commissions, surveys, mortgage tax and recording fees are chargeable against the principal.

Allowances to the special guardians of the presumptive remaindermen are chargeable to the principal, where that is the only part of the estate in which they have an interest.

PROCEEDINGS on an accounting of executors and trustees.

Louis L. Babcock, for Franklin D. Locke, executor and trustee.

Jacob Stern, for James C. Fargo, executor and trustee.

John Larkin, for objectants.

Joseph G. Dudley, special guardian for infants.

HART, S. The testator, William G. Fargo, died during the year 1881, leaving a last will and testament, wherein he devised his residuary estate in trust to be divided in three separate parts, the income of one part to be applied for the use of his grandchildren, the contestants, Anna E. Albree and Mary C. Balliet, for life, with power to them upon attaining the age of thirty years to dispose of the same absolutely by will. The other two parts were devised in trust for the use of the two daughters of the testator, both of whom are dead, and the trust estates held for them have been distributed, with the exception of a large amount of real property of the decedent, which has not yet been sold by the executors.

The executors and trustees have filed annual accounts of

their proceedings as such, and the contestants have filed objections to the accounts for the years 1904, 1905, 1906, 1907, 1908 and 1909.

The items contained in the accounts to which objections are made may be classified as follows: 1. Taxes on vacant property. 2. Local assessments. 3. Fire insurance. 4. Commissions of executors and trustees. 5. Expenses of various accountings. 6. Miscellaneous expenses.

The residuary estate consists of real and personal property. The property known as the Mansion property was vacant and unproductive, and the Cook county property, consisting of a farm on the outskirts of Chicago, practically unproductive; both pieces of property being held by the executors and trustees in the hope of realizing an adequate price. The Mansion property has recently been sold, while the Cook county property is still held by the executors.

Objections were filed by the life tenants to the accounts of the executors and trustees for the year 1896, which resulted in an action being brought in the Supreme Court by the executors and trustees for instructions as to the disposition of the real estate of the testator; and a judgment was rendered directing the executors to offer for sale, at public auction, all the lands of the testator, excepting the Cook county property, and fixing the market value of the same.

The sixth clause of the judgment provided that, until such lands be sold, the executors and trustees "pay the taxes and assessments levied on the unsold portions thereof; keep the buildings thereon in proper repair, and adequately insured; and make any and all disbursements necessary in connection with the preservation and proper maintenance thereof; that such payments and disbursements be made out of the revenues of said real estate; and, if they shall be insufficient therefor in any given year, that the deficit be paid from the proceeds of the sale of real estate for that year."

Several accountings have been had in the Surrogate's Court since this judgment was rendered, and decrees have been entered approving the accounts of the executors and trustees up to the year 1904. Decrees have been entered settling their accounts for the years 1904 and 1905, reserving, however, to

the contestants, the right to reopen such decrees for the purpose of taking proof in support of the objections. Meanwhile, the contestants made application to the Supreme Court to strike out this provision of the judgment, and for an accounting of all payments made thereunder, and to have refunded to them such portion thereof as might be charged to the capital of the estate were it not for this provision.

This application was denied by the Supreme Court, and the judgment remains in full force.

The contestants were of full age and appeared by attorney in that action and were represented in court at the time the judgment was made. In my opinion, they are bound by the provisions thereof and estopped from objecting to the payment of these items by the trustees, at least, in so far as the first three classifications are concerned, and the objections to these items are, therefore, overruled.

The remaining items contained in the accounts of the executors and trustees, to which objections are made, consist of executors' and trustees' commissions, legal expenses appertaining to accountings and miscellaneous expenses, all of which have been charged against income.

Article seventh of the will creates the residuary trust fund and divides it into three parts. Under subdivision " C " the executors are directed to apply the net income, issues and profits, or so much thereof as in their judgment shall be necessary, in equal proportions, to the support, maintenance and education of the contestants, granddaughters of the deceased, or the survivor of them, until they shall attain the age of twenty-one years. When they, or the survivor of them, attain their majority, the accumulation of income is directed to be paid to them; and, thereafter, he directs that the " entire rents, income, issues and profits of said part be applied semi-annually to the use of my said granddaughters, or the survivor of them, so long as they or the survivor of them shall live * * * But, in case either of my said granddaughters shall live to attain the age of thirty years, then I expressly direct, notwithstanding anything hereinbefore contained, that she shall have the power of disposing of the principal sum, which shall be held in trust

for her at the time of her decease under this article of my will, by her last will and testament."

Article twelfth of the will, after naming the executors, contains the following provisions relating to their compensation as executors: " I hereby direct that they shall be paid out of my estate from time to time such sums as shall be a proper compensation for their services without regard to the statutory fees."

This estate has been in process of administration more than twenty-five years, and the executors have received compensation at the rate of $6,000 and $5,000 *per annum;* this compensation has been stipulated by them to be in full of executors' and trustees' commissions, both on principal and income. The reasonableness of the amount and the propriety of the charge are not questioned, excepting as to what account it shall be charged. Annual accountings have been had, and the commissions or compensation was for a period of years charged to principal; latterly, and for the majority of years, it has been charged to income. There can be no doubt that the *corpus* of the estate is properly chargeable with executors' commissions, there being no direction contained in the will to the contrary.

The trust fund directed to be created and which is incomplete after the expiration of years is chargeable with net income for the life tenants. It is my belief that the testator intended his grandchildren should receive the income of the trust created for them, less the necessary and proper charge with the expense of administering the estate as well as the trust fund.

The law seems well established that each part of an estate should bear its burden of the expense of administration. Income should not be burdened with the full amount of the compensation of the executors and trustees, while the principal escapes entirely. The beneficiaries who are objecting to the various charges against their income now have the absolute power of disposition of the principal by will, both having arrived at the age of thirty years; and the presumptive remaindermen who are represented by special guardian may be extinct or divested by will of the entire trust fund which has

been so carefully conserved, when the final day for distribution arrives.

. I am, therefore, of the opinion that the annual compensation paid to the executors should be apportioned equally between principal and income. There is no specific direction in the will that this compensation should be paid from income, it is as executors they are directed " to be paid out of my estate; " and, while this apportionment may not be accurate, an exact computation being impossible from the accounts submitted, this adjustment will afford some relief to the life tenants until their trust fund is assembled.

The ordinary legal expenses of accounting may be charged to income.

The miscellaneous expenses to which objection is made; all items relating to the sale of real estate, brokers' commissions, surveys, mortgage tax and recording fees will be charged against the principal.

The allowances made to special guardians are not proper charges against the income account and will be charged to principal, that being the only part of the estate in which the infants have an interest.

A decree will be entered modifying the accounts of the executors and trustees as herein directed; all other objections to the accounts are overruled.

Decreed accordingly.