KEENEY v. MORSE et al.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

1. WILLS—TESTAMENTARY TRUST—DEBTS OF LEGATEE—TRUST INCOME—CONFLICT OF LAWS—COMITY.

Where a resident of Rhode Island bequeathed bonds and securities to a trustee residing in New York for the benefit of her daughter, though the validity of the trust was determined, through comity, by the laws of Rhode Island, the question whether the income from the trust payable to the daughter could be subjected to a judgment recovered against her in New York, where the trust property was situated, would be determined by the laws of New York.

2. SAME—JUDGMENT CREDITORS' ACTIONS—TRUST INCOME.

Code Civ. Proc. §§ 1871–1879, provide for the regulation of judgment creditors' actions, and section 1879 provides that the provisions of the foregoing sections do not apply to property held in trust for a judgment debtor, when the trust has been created by, or the property has come from, a person other than the judgment debtor. Held, that the statutory creditors' action would not lie to subject the income of a testamentary trust created by the judgment debtor's mother.

**3. SAME—GENERAL EQUITY JURISDICTION—STATUTORY LIMITATIONS.**
     1 Rev. St. p. 730, § 63, providing that no person beneficially interested in a trust for the rents and profits of lands can assign or in any manner dispose of such interest, having been construed to apply to trusts of personal property, a court of equity has no authority, by virtue of its inherent jurisdiction over trusts, to subject the income of a testamentary trust of bonds and securities to a judgment against the cestui que trust.

**4. SAME—TRUST INCOME—PROCEEDINGS TO SUBJECT SURPLUS—SUFFICIENCY OF COMPLAINT.**
     A complaint in a judgment creditors' action to subject the income of a testamentary trust created for the benefit of the judgment debtor, which contained no allegations as to the amount of the income necessary for the education and support of the beneficiary, or that there was any surplus above such amount, was insufficient to authorize a recovery against such surplus, under 1 Rev. St. p. 729, § 57, making such surplus liable in equity to the debts of the cestui que trust.

Appeal from special term, New York county.

Suit by Burtis M. Keeney against Sophia V. Morse and another. From a judgment sustaining a demurrer (69 N. Y. Supp. 535), plaintiff appeals. Affirmed:

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Schuyler C. Carlton, for appellant.

Herbert H. Gibbs, for respondents.

INGRAHAM, J. The plaintiff, a judgment creditor of the defendant Morse, commenced this action as a judgment creditors' action to reach the income of certain trust funds held by the defendant the United States Trust Company, as trustee under the last will and testament of Phœbe J. Cross, deceased. The complaint alleges the recovery of judgment against the defendant Morse and the return of an execution unsatisfied; that Phœbe J. Cross, the mother of the defendant, was a resident of the state of Rhode Island at the time of her death; that the defendant Morse is a beneficiary under the last will and testament of Phœbe J. Cross, deceased, which will was duly admitted to probate in the state of Rhode Island, a copy of which will is annexed to the complaint; that by said will there was bequeathed to the United States Trust Company, as trustee, securities of the par value of $250,000, in trust "to collect and receive the income thereon, * * * to pay to my said daughter, Sophia V. Morse, during her life the interest or income upon so many of the bonds and securities in this article mentioned as will amount at their par value to two hundred and twenty-one thousand two hundred and fifty dollars ($221,250)"; that the income upon such securities held by the trustee amounts annually to the sum of $15,000, less the trustee's commissions; that by the law of the state of Rhode Island the whole of the income of the trust fund which would otherwise be paid to said beneficiary is subject to the claims of creditors, and that a trustee of such fund can be compelled to pay judgments against the beneficiary; that there has accrued of the income of said trust certain sums of money, the amount of which is unknown to plaintiff, in excess of the amount necessary to the payment of the trustee's commissions, and said sums are now in the hands of the defendant the United States Trust Company, as

trustee, and have not been paid over to the defendant Sophia V.
Morse; and the judgment demanded is that the rents, issues, and
profits of said trust, and of the property held in trust by the defendant
the United States Trust Company, as trustee for the defendant Sophia
V. Morse, be charged with and applied to the payment of the plaintiff's
said judgment, and interest due and to grow due thereon, and the
costs and disbursements of this action; that the defendant the United
States Trust Company be enjoined and restrained from the paying
over, and the said Sophia V. Morse from receiving, any of the avails
of said trust, or the rents, issues, and profits thereof accrued or to
accrue; and that the defendant the United States Trust Company be
directed and required to make a full and fair accounting as such trustee
of the said property so in trust to it for the benefit of the said Sophia
V. Morse, and of the avails thereof, and of the rents, issues, and profits
of the same from the creation of such trust, and apply so much thereof
as may be necessary to the satisfaction of the judgment in favor of
the plaintiff.

The plaintiff seeks to maintain this action in two aspects,—in the
one, as a creditors' bill filed under sections 1871–1879 of the Code
of Civil Procedure; and, if not allowed by these sections, then under
the general equity power of the court to reach property under the
control of the judgment debtor which should in equity be applied to
the payment of his judgment. As, under the law of Rhode Island,
the income of a trust which would otherwise be paid to the beneficiary
is subject to the claims of creditors, and the trustees of such fund could
be compelled to apply the interest of such beneficiary to the payment
of his indebtedness, it is claimed by the plaintiff that the income real-
ized from the fund held by the defendant, which the instrument creat-
ing the trust directed to be paid to the beneficiary, should be applied
to the payment of a judgment obtained against the beneficiary in this
state. There was a direct attack upon the validity of this trust by the
next of kin of the testatrix, which was determined by the court of
appeals in Cross v. Trust Co., 131 N. Y. 330, 30 N. E. 125, 15 L. R.
A. 606, 27 Am. St. Rep. 597. It was there held that in determining
the validity of this trust, as well as the competency of the testatrix to
make a will, and also the execution thereof, the law of the state of
Rhode Island, the domicile of the testatrix, must control; and that,
if the law of that state declared this trust valid, it is binding upon us
by comity. The trust having been upheld because it was valid by the
laws of the state of Rhode Island, we are now asked to·apply the
income of this trust fund to the payment of the creditors of the bene-
ficiary, because, if this trust fund was in Rhode Island, and the plain-
tiff had obtained a judgment against the beneficiary there, the courts
of the state of Rhode Island would so apply it. The question pre-
sented in this action, however, is not as to the validity or enforcement
of the trust. By its terms the income is to be paid to the defendant,
and the appropriation of such income to a judgment creditor of the
beneficiary would be a violation of the terms of the trust, and not an
enforcement of it. Whether or not there shall be such an appropria-
tion must depend upon the laws of the state in which the application
to reach the fund, situated as this is, is made; and the question is

whether the income of the trust property situated here is applicable to the payment of a judgment against the person to whom the income is payable. The law of this state has provided that under certain conditions the income of a trust fund can be reached by a judgment creditor of the beneficiary and applied to the payment of the judgment. Whether or not the courts of Rhode Island would or would not apply the interest of a beneficiary to the payment of a judgment against the beneficiary in the state of Rhode Island has no relation to an action commenced in this state to compel the trustee under a trust administered here to apply it to the payment of a judgment obtained here. In determining what property is applicable to the payment of a judgment obtained in this state, we must be controlled by the law of this state, which determines what interest of the beneficiary in the trust fund is applicable to the payment of such a judgment. That the validity of the will and the bequests contained therein are to be determined by the laws of the state of Rhode Island has no relation to the question as to what interest, if any, of the beneficiary under such a will, can be applied to the payment of a judgment obtained here. If this trustee were a resident of Rhode Island, and the courts of this state obtained jurisdiction by service of process here, the principle would be the same. The courts of this state would not compel him to appropriate the trust property in his hands to the payment of a judgment obtained in this state against the beneficiary, because the courts of Rhode Island would require him to appropriate the interest or income of the beneficiary in his hands to the payment of a judgment obtained in Rhode Island against a person entitled to such an interest; and it would seem, therefore, that this action can only be maintained upon the allegation of facts which by the law of this state would justify a judgment applying the defendant's interest in this fund to the payment of the judgment. Applying the law of this state, it would seem that a creditors' bill cannot be maintained. Judgment creditors' actions are regulated by sections 1871–1879, inclusive, of the Code of Civil Procedure. By section 1879 it is provided that "this article does not apply to a case * * * or any money, thing in action, or other property held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor." The property held in trust for the defendant is for a person other than the person who created the trust. Nor do we think that the court in this case can, by virtue of its inherent jurisdiction over the trust, reach this property and pay it over to the plaintiff. By the Revised Statutes (1 Rev. St. p. 730, § 63) it is provided, "No person beneficially interested in a trust for the receipt of the rents and profits of lands, can assign or in any manner dispose of such interest." And this provision in relation to real estate is held applicable to a trust of personal property. In this state the interest of the judgment debtor in this trust fund is not alienable. The question as to the inherent power of the court, irrespective of the statute, to entertain actions on the behalf of creditors, has been much discussed in late cases, and the power of the court to entertain a judgment creditors' action, except in cases provided for by the sections of the Code to which attention has been called, has been denied. See Dittmar v.

Gould, 60 App. Div. 95, 69 N. Y. Supp. 708, and the cases there cited. That case settles for this court the question as to whether an action can be maintained to reach the interest of a trust fund by a judgment creditor except in compliance with the provisions of the Code to which attention has been called. There is, however, a provision of the statute of this state under which the plaintiff could maintain an action to have the surplus of such income, over and above that necessary for the support of the beneficiary, applied to the payment of the judgment (1 Rev. St. p. 729, § 57, now re-enacted as part of the real property law, —Laws 1896, c. 547, § 78); and it was under the provisions of this statute that the case of Williams v. Thorn, 70 N. Y. 270, was decided. The allegations of this complaint are not sufficient to justify a proceeding under this statute. There are no allegations as to the amount of the income necessary for the education and support of the beneficiary and of those subject to the beneficiary, or that there is a surplus over and above such an amount.

We think, therefore, that the judgment appealed from was right, and should be affirmed, with costs, with leave to the plaintiff within 20 days to serve an amended complaint upon payment of costs in this court and in the court below. All concur.