(91 Misc. Rep. 139)

STIEGLITZ v. ATTORNEY GENERAL et al.

(Supreme Court, Special ·Term, New York County.   June 15, 1915.)

1. PERPETUITIES &⟶2—VALIDITY—LAW GOVERNING.

A testatrix, formerly a resident of this state, returned to Germany, her native land, in 1867, where she remained until her death, and where she executed a will creating an endowment for the purpose of giving maidens related to her a dowry at their marriage, and an endowment to contribute to the education of young persons and students of a college or a polytechnical school; the trusts to be executed in Germany.  It did not appear that the laws of Germany would not permit the carrying out of such trusts.  *Held*, that the state courts would not interpose the laws of this state to prevent the disposition made by the testatrix from being carried out, as the law with respect to the creation of trusts, and the suspension of the power of alienation of real estate, and the absolute ownership of personalty was designed only to regulate the holding of property in this state and under its laws, and a trust intended to take effect in another state or in a foreign country is not within the letter or spirit of such law.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. § 2; Dec. Dig. &⟶2.]

2. PERPETUITIES &⟶2—TRUSTS &⟶2—VALIDITY—LAW GOVERNING.

When a citizen of this state or a person domiciled here makes a gift of personal estate to foreign trustees for the purposes of a foreign charity, the courts of this state will not interpose the local laws with respect to trusts and accumulations to arrest the disposition made by the owner of his property, but will merely determine whether all the forms and requisites necessary to constitute a valid testamentary instrument under the state law had been complied with, and whether the foreign trustees are competent to take the gift for the purposes expressed and to administer the trust under the law of the country where the gift is to take effect.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. § 2; Dec. Dig. &⟶2; Trusts, Cent. Dig. § 2; Dec. Dig. &⟶2.]

Action by Louis Stieglitz, as administrator with the will annexed of Lisette Sinsheimer, deceased, against the Attorney General of the State of New York and others.   Complaint dismissed.

Arthur L. Strasser, of New York City (Walter J. Rose, of New York City, of counsel), for plaintiff.

Fiorello H. La Guardia, Deputy Atty. Gen., for the Attorney General.

Chas. S. Sinsheimer, of New York City, for defendants Benjamin L. Sinsheimer and others.

Herman S. Bachrach, of Brooklyn, for defendants Hannah Sinsheimer and others.

Edgar A. Pollack, of New York City, for defendants Sophie Pollack and others.

NEWBURGER, J.   This is an action for the construction of the will and codicil of Lizette Sinsheimer.   The will was made in the city of Worms, duchy of Hesse, Germany, on the 10th day of December, 1881, and the codicil executed at the same place on the 22d day of January, 1890.   The will and codicil were established and probated under a decree of this court on the 27th day of July, 1914.

The decedent, while formerly a resident of this state, had, in 1867, returned to the city of Worms, Germany, of which city she was a native, and remained there until her death.

[1, 2] Paragraph 4 of the decedent's will creates an endowment known as the "Sinsheimer bridal legacy," for the purpose of giving maidens related to the testatrix a dowry at their marriage, and also an endowment, to be known as the "Sinsheimer family stipendium," for the purpose of contributing to the education of young persons, without regard to sex, recommended by their teachers, and students of a college or a polytechnical school. The decedent's long residence in the city of Worms must be considered in determining the scheme of the dispositions contained in her will and codicil. The trusts created were to be executed in, the city of Worms, and, assuming that the laws of Germany permit the carrying out of such trusts, no proof to the contrary having been offered, this court will not interpose the laws of this state to prevent the disposition made by the testatrix from being carried out. As was said by Mr. Justice O'Brien in Hope v. Brewer, 136 N. Y. at page 137, 32 N. E. at page 561, 18 L. R. A. 458.

"But I have not been able to find any well-considered case, in which the question was directly involved, where a gift to a foreign charity in trust, contained in a valid testamentary instrument, has been held void, where there was a trustee competent to take and hold, and the trust was capable of being executed and enforced, according to the law of the place to which the property was to be transmitted under the will of the donor. The law of this state, inhibiting the creation of trusts not expressly authorized by statute and the suspension of the power of alienation of real estate and the absolute ownership of personal property, is founded upon a public policy of our own. * * * It is not a matter of any public concern whatever to this state whether the personal property of a person domiciled here shall pass to his heirs or next of kin in a foreign country, or to trustees in trust for charity residing there, or even to a foreign corporation for purposes of charity. Vansant v. Roberts, 3 Md. 119. Our law with respect to the creation of trusts, the suspension of the power of alienation of real estate, and the absolute ownership of personalty, was designed only to regulate the holding of property under our laws and in our state, and a trust intended to take effect in another state, or in a foreign country, would not seem to be within either its letter or spirit. When a citizen of this state, or a person domiciled here, makes a gift of personal estate to foreign trustees for the purpose of a foreign charity, our courts will not interpose our local laws with respect to trusts and accumulations to arrest the disposition made by the owner of his property, but will inquire as to two things: First, whether all the forms and requisites necessary to constitute a valid testamentary instrument, under our law, have been complied with; and, second, whether the foreign trustees are competent to take the gift, for the purposes expressed, and to administer the trust under the law of the country where the gift was to take effect, or, as Judge Rapallo stated the rule with respect to gifts to charity generally, the inquiry is 'whether the grantor or devisor of a fund designed for charity is competent to give, and whether the organized body is endowed by law with capacity to receive and to hold and administer the gift.' Holland v. Alcock, 108 N. Y. 312, at page 337, 16 N. E. 305, 2 Am. St. Rep. 420."

And at page 140 of 136 N. Y., at page 562 of 32 N. E., 18 L. R. A. 458, he says:

"In the leading case of Chamberlain v. Chamberlain, 43 N. Y. 424, Allen, J., discussing the question said: 'The courts of this state will not administer a foreign charity, but they will direct money devoted to it to be paid over to the proper parties, leaving it to the courts of the state within which

the charity is to be established to provide for its due administration and for the proper application of the legacy. Hill on Trustees, 468; 2 Story on Equity Jurisdiction, § 430; Provost of Edinburgh v. Aubery, Ambler, 236; Burbank v. Whitney, 24 Pick. (Mass.) 154 [35 Am. Dec. 312]; Attorney General v. Lepine, 2 Swanst. 181.' "

See, also, Mount v. Tuttle, 183 N. Y. 358, 76 N. E. 873, 2 L. R. A. (N. S.) 428; Robb v. Washington & Jefferson College, 185 N. Y. at page 496, 78 N. E. 359; St. John v. Andrews Inst., 191 N. Y. 254, 83 N. E. 981, 14 Ann. Cas. 708.

The complaint must be dismissed. Submit findings and decree.