DAVID S. GREENOUGH & another, trustees, *vs.* WILLIAM P. OSGOOD & another, executors, & others.

Suffolk.     January 21, 1920. — February 28, 1920.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Trust,* Declaration in contemplation of marriage, Construction of instrument creating trust, Validity. *Jurisdiction. Perpetuities, Rule against. Conflict of Laws. Equity Jurisdiction,* Bill for instructions. *Power.*

A single woman, residing in the State of New York, in contemplation of her marriage to a man residing in California, executed in Massachusetts a declaration placing in trust property which she had inherited from her mother, who had resided in Massachusetts, and which consisted of real estate in Massachusetts, notes secured by mortgages of real estate in Massachusetts and securities which, with all documents of title, were kept in Massachusetts in the hands of trustees who were Massachusetts residents. One of the provisions of the declaration was that, in certain contingencies, the property should go to such "person or persons as would, by the laws of the Commonwealth of Massachusetts, have been or be entitled to the same." After the marriage, the donor and her husband lived for many years in California, then for many years in Massachusetts, and then in New York, where she died and her will was proved. Upon a bill in equity by the trustees for instructions, it was *held* that the donor intended that the trust should be administered by the laws of Massachusetts, and therefore that the Massachusetts court had jurisdiction of the suit.

A power of appointment of property, real or personal, in favor of a child is well exercised by an appointment to a trustee in favor of the child.

A declaration of trust, made by a woman in contemplation of her marriage, provided that, if she survived her husband, the trustee should hold the property upon her death for the use of her children "for such estates and interests, and in such shares and proportions, and to be vested in him her or them, at such respective ages or times, and in such manner" as she by deed, instrument in writing or will "should direct or appoint. And in default of such direction or appointment, or in case any such shall be made, then when and as the estates thereby limited shall respectively end and determine, to the use of" her children, "their heirs and assigns forever." The donor survived her husband and died, testate, leaving four children, one of whom had a minor son living. Her will directed that the property in trust should be conveyed to the executor of her will in trust, by him to be divided into as many shares as she had children who

should be living at her death or who should have died leaving issue then living, and that one share should be given to each such child, or living issue of child deceased, except as to the share of a fourth child, which she directed the executor, as trustee, to hold in trust and to pay the income thereof to that son during his life and, after his death, to convey the principal in equal shares to his then living children, "their heirs, executors and administrators forever; or if there then be no such children, then" to convey such share in equal portions to the other children of the testator then living or the surviving issue of such as should have died. Upon a bill in equity by the trustee under the declaration of trust for instructions, it was *held,* that

(1) The power of appointment, reserved by the donor to herself in the declaration of trust, was well exercised by her will;

(2) The appointment to the first three children of the donor and to the children, living at the death of the donor, of any one of them who had died before the donor, since it provided for a vesting of their interests within twenty-one years after a life in being at the time of the creation of the power, was not a violation of the rule against perpetuities, and was valid;

(3) The limitation in remainder to such children of the fourth child of the donor as should be living at the death of such fourth child, since it provided for a vesting of such interests which might occur more than twenty-one years after a life in being at the time of the creation of the power, was a violation of the rule against perpetuities and was void;

(4) There being a default of appointment of the interest in remainder following the life estate of the fourth child of the donor, that interest, by the provisions of the declaration of trust, vested in the children of the donor and their heirs and assigns;

(5) The entire trust fund should be conveyed to the executor of the will of the donor for the use and benefit of the children of the donor "as their interests in the fund appear."

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on August 25, 1919, by the trustees under an antenuptial declaration of trust made by Hannah Parkman Newell, in contemplation of her marriage to Edward S. Osgood.

The material allegations of fact, which were admitted to be true by the defendants in their answers, and such of the facts included in agreed statements of fact as are material, are stated in the opinion.

The suit came on to be heard before *Carroll,* J., who reserved it for determination by the full court.

*J. A. Locke,* for the plaintiffs, stated the case.

*F. G. Goodale,* for the defendant William P. Osgood and others.

*J. A. Brickett,* for the defendant Robert T. Osgood.

*J. Codman,* for the executors of the will of Hannah P. Osgood.

*H. S. Davis,* for himself as guardian *ad litem* for persons unascertained or not in being and for Parkman Osgood.

PIERCE, J. This cause was reserved for the full court by a single justice of the Supreme Judicial Court upon the pleadings and agreed statements of fact, and is a bill in equity for instructions by the trustees under an antenuptial declaration of trust, made in Massachusetts on May 7, 1860, by Hannah Parkman Newell, in contemplation of a marriage which was intended to be, and in fact shortly was, solemnized between the said Hannah P. Newell and one Edward S. Osgood.

All the property put in trust belonged to Hannah Parkman Newell and was inherited from her mother, who resided in Boston, Massachusetts, and was there domiciled at the time of her death. It consisted of real estate located entirely in Massachusetts, of mortgages on real estate located entirely in Massachusetts, and of various securities, which, together with all other documents of title, were thereafter kept in Boston, Massachusetts. At the time of the death of Hannah P. Osgood on October 9, 1918, all the property held by the trustees under the antenuptial trust and agreement of May 7, 1860, consisted solely of stock and bonds, loans and cash, including one mortgage on real estate in Connecticut; and the securities and documents of title were and have since been in a safe deposit vault in said Boston. The trustees nominated in the trust instrument accepted the trust, were residents of Massachusetts and continued such until resignation, and at least one of the succeeding trustees under the agreement and trust of May 7, 1860, has always been a resident of the Commonwealth of Massachusetts.

When the antenuptial agreement and trust were executed in Massachusetts Hannah P. Newell resided with her father in the city, county and State of New York and Edward S. Osgood was domiciled in San Francisco, California. Immediately upon the marriage, Hannah P. Osgood and her husband removed to California, where they resided for many years. Subsequently she removed with her husband to Boston, where they resided for many years. Finally she removed to New York, where she died on October 9, 1918, leaving a will which was duly proved and allowed by the Surrogates Court in and for the county and State of New York.

Although the donor in her declaration of trust was not domiciled in Massachusetts, we think it plain that she intended that

the trust should be administered under the laws of that State, by the appointment of the trustees who were residents of Massachusetts, by the fact that the trust property consisted very largely of real estate and real estate mortgages, located entirely in Massachusetts, by the provision of the trust instrument that the property in certain contingencies should go to the "person or persons as would, by the laws of the Commonwealth of Massachusetts, have been or be entitled to the same," and by the further fact that the Massachusetts trustees or trustee could at no time have been compelled to account for the property in trust, in any State other than Massachusetts. *Sewall* v. *Wilmer,* 132 Mass. 131. *Codman* v. *Krell,* 152 Mass. 214, 218. *Russell* v. *Joys,* 227 Mass. 263. It follows that the Massachusetts courts have jurisdiction over the matter in issue.

By the antenuptial agreement and trust Hannah Parkman Newell gave or reserved to herself a special power of appointment over the property conveyed to the trustees, in the event she married and survived Edward S. Osgood, in the following language: "And in case the said Edward S. does not survive the said Hannah P. then at and from the decease of the said Hannah P. to the use of all and every the child and children of the said Hannah P. for such estates and interests, and in such shares and proportions, and to be vested in him her or them, at such respective ages or times, and in such manner, as the said Hannah P. alone, and notwithstanding her coverture, by any deed or instrument in writing, containing a power of revocation, to be sealed and delivered by her in the presence of and attested by three or more credible witnesses, or. by her last will and testament in writing, or by any writing in the nature of a last will, to be signed and published by her in the presence of three or more credible witnesses, shall direct or appoint. And in default of such direction or appointment, or in case any such shall be made, then when and as the estates thereby limited shall respectively end and determine, to the use of the children of the said Hannah P., their heirs and assigns forever."

Hannah P. Osgood survived her husband, and left four children, William P. Osgood, Edward W. Osgood, Robert T. Osgood, and Anna P. Osgood Culver. All of said persons are of full age and are all made parties defendant to this bill. The only living issue of said children is Parkman Osgood, a minor son of William P.

Osgood, who is made a party defendant by the bill and appears by Harold S. Davis, guardian *ad litem.* At the time of the decease of Hannah Parkman Osgood the plaintiffs as succeeding trustees, held personal property only, which they are desirous of paying over and making distribution of among the persons entitled thereto.

The will of Hannah Parkman Osgood, which was proved, allowed and admitted to probate by the Surrogates Court in and for the county and State of New York on December 24, 1918, and of which William P. Osgood and Frederic F. Culver, defendants in this bill, were duly appointed executors, contained two paragraphs in execution of the power of appointment vested in the testatrix by the marriage settlement. These items are as follows:

"First. Under and pursuant to any and all powers of appointment by Will or otherwise which are now or may hereafter be vested in me by virtue of the marriage settlement made between me and my late husband Edward S. Osgood, or otherwise, as well as with the intent also to dispose of all property of whatsoever kind or nature, and wheresoever situate, of which I may die seized or possessed, or which I may in any way be entitled to dispose of at my death, I hereby direct, appoint, give, bequeath and devise as follows. . . .

"Twelfth. After the payment of all appointments, legacies and charges hereinbefore provided for in this my Will, I give, devise, bequeath and appoint all the rest and residue of the property of whatsoever kind and nature, and wheresoever situate which I may be entitled to dispose of by Will, including any and every lapsed legacy or appointment provided for in this my Will, to my Executors hereinafter named, in Trust nevertheless, to divide the same into so many shares or portions as shall equal the number of my children who shall be living at the date of my death, or who shall have died leaving issue who shall be living at the date of my death, such issue to be counted *per stirpes* and not *per capita* in making such division, and after such division.

"(a) To pay over, deliver, transfer and convey one of said shares or portions to my said daughter Anna P., her heirs, executors and administrators, forever, if she be living at the date of my death, or if not then living, in equal share to such of her children as shall then be living;

"(b) To pay over, deliver, transfer and convey another of said shares or portions to my said son William P., his heirs, executors and administrators, forever, if he be living at the date of my death, or if not then living, in equal shares to such of his children as shall then be living;

"(c) To pay over, deliver, transfer and convey another of said shares or portions to my said son Edward W., his heirs, executors and administrators, forever, if he be living at the date of my death, or if not then living, in equal shares to such of his children as shall then be living;

"(d) To hold, invest, reinvest and keep invested the remaining share or portion, and to pay the rents, issues and profits therefrom arising to my said son Robert T. Osgood during his life, and upon his death to pay over, deliver, transfer and convey the principal of said trust fund in equal shares to the then living children of my said son Robert T. Osgood, their heirs, executors and administrators forever; or if there then be no such children, then to pay over, deliver, transfer and convey said principal, in equal shares, to such of my said children Anna P., William P. and Edward W., as shall then be living, or to the issue of such of them as shall not then be living, such issue to take the share their deceased parent would have received hereunder, *per stirpes* and not *per capita.*"

Upon the decease of Hannah Parkman Osgood, and following the probate of her will, the executors named therein and appointed by the Surrogates Court requested the plaintiffs and trustees under the antenuptial agreement and trust to deliver to them the property then and now held by the plaintiffs under the instrument of trust, to be held by the executors in trust to the use and benefit of the persons named in said will. The plaintiffs "are in doubt as to their duty as to the distribution of said trust fund and the accumulations thereon" and pray "that this Honorable Court will instruct them" as follows:

"First. Was the power reserved to said Hannah Parkman Osgood, then Hannah Parkman Newell, in said antenuptial or trust agreement of May 7, 1860, duly exercised, in whole or in part?

"Second. To whom should your petitioners pay over the said fund and accumulations thereon?"

The fundamental question is whether the special power of ap-

pointment to the use of all and every child and children of the said Hannah P. Osgood "for such estates and interests, and in such shares and proportions, and to be vested in him her or them, at such respective ages or times, and in such manner, as the said Hannah P. . . . shall direct or appoint," which the donor reserved to herself as donee, is limited by the provision of the trust instrument to a power to determine the proportions which each of the children should take as an absolute estate as his or her share of the whole estate; or whether the power was well executed by the bequest of all the rest and residue of the property of donee to her executor in trust "to divide the same into so many shares . . . as shall equal the number of my children . . . and after such division . . . pay" one share to "Anna P.," one share to "William P.," and to hold another share in trust for the benefit of "Robert T. Osgood during his life, and upon his death to pay over . . . to the then living children of . . . said . . . Robert T. Osgood. . . ."

We are of opinion that the power was well exercised and justified by the provision of the antenuptial agreement and trust, which deals with the contingency of a failure to make an appointment on the determination of estates appointed, in the following terms: "And in default of such direction or appointment, or in case any such shall be made, then when and as the estates thereby limited shall respectively end and determine, to the use of the children of the said Hannah P., their heirs and assigns forever." It is plain the donor, who was the donee, could not have intended to create absolute interests in all her children, the proportion or share in the whole estate alone to be determined by her, because an absolute estate or an interest in fee is incompatible with a limited estate which shall end and determine.

The provisions above quoted distinguish the case at bar from *Hooper* v. *Hooper*, 203 Mass. 50, wherein the donee of a special power of appointment was held to have a mere power of selection among her children and to determine the proportion each one should take in the principal of a trust fund held by trustees for the life use of the donee. For similar reasons the case is distinguished from *Myers* v. *Safe Deposit & Trust Co. of Baltimore*, 73 Md. 413, and *Pepper's Appeal*, 120 Penn. St. 235. See *Graham* v. *Whitridge*, 99 Md. 248, 278, explaining *Myers* v. *Safe Deposit & Trust Co. of Baltimore*.

It is settled that a power of appointment of a fund in favor of children is well exercised by an appointment to trustees in favor of children, and "is equally good with regard to real estate as to personal estate." *In re Paget,* [1898] 1 Ch. 290, 295. It follows that the appointment to the executors of the will of Hannah P. Osgood in trust is a valid exercise of the power by the donee. The interest of the children of the testatrix vested within lives in being and twenty-one years from the time of the creation of the power. Consequently the power was valid in its inception. *Dodge* v. *Bennett,* 215 Mass. 545, 547.

The limitation in remainder to the children of Robert T. Osgood was void for remoteness because it might vest beyond the limits of the rule against perpetuities. *Gray* v. *Whittemore,* 192 Mass. 367, 372. It is settled that a limitation over which violates the above rule will be considered as stricken out, leaving the prior disposition to operate as if a limitation over had never been made. *Lovering* v. *Worthington,* 106 Mass. 86, 88. *Goodier* v. *Johnson* 18 Ch. D. 441. *Courtier* v. *Oram,* 21 Beav. 91. *Graham* v. *Whitridge, supra.* The remainder after the equitable life estate in Robert T. Osgood, as in default of appointment, under the provisions of the antenuptial agreement and trust, vested in the children of Hannah P. Osgood and their heirs and assigns.

It follows that the trustees are instructed that the gift to the executors was a proper exercise of the power and that the entire fund should be paid over to the executors to be administered as trustees for the use and benefit of the children as their interests in the fund appear. *Olney* v. *Balch,* 154 Mass. 318. *Stone* v. *Forbes,* 189 Mass. 163. *Tudor* v. *Vail,* 195 Mass. 18. *Howland* v. *Parker,* 200 Mass. 204. *Gardiner* v. *Treasurer & Receiver General,* 225 Mass. 355, 362.

*Decree accordingly.*