NORTH ADAMS NATIONAL BANK, trustee, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION & others.

Berkshire. May 23, 1929. — June 25, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Devise and Legacy,* Power of appointment. *Power. Trust,* Construction of instrument creating trust. *Equity Jurisdiction,* Bill for instructions.

A will established a trust for the benefit of the testator's daughter for life, the principal thereof, if the daughter died without issue, to be paid over at her death to her nieces and nephews and the issue of such of them as should have predeceased her "in such shares, estates and proportions and upon such terms, conditions and limitations" as the daughter should appoint in her will. The daughter died without issue subsequent to the testator's death, certain nephews surviving her. She provided in her will that, with the principal of such trust fund, there should be established trusts for the benefit of the nephews during their lives, with certain provisions as to the disposition of the principal of such trusts after their deaths. Upon a petition for instructions by the trustee under the first will, it was *held,* that

(1) The appointment by the daughter to a trustee for the nephews' benefit for life was valid;

(2) The petitioner was entitled only to such instructions as would enable him to perform his present duties; he was not entitled to

instructions as to the validity of one of the provisions in the daughter's will concerning the disposition of the trust funds thereby established after the deaths of the nephews: that provision, even if invalid, which was not decided, was so far severable from the gifts in trust during the nephews' lives as not to invalidate them;

(3) The principal of the trust fund under the first will should be paid to such person as should be appointed trustee under the daughter's will.

PETITION for instructions, filed in the Probate Court for the county of Berkshire on November 27, 1928, and afterwards amended, by the surviving trustee under the will of Frank Curtiss, late of Sheffield.

Material allegations and prayers of the petition are described in the opinion. The case was heard by *Robinson, J.*, who reported it for determination by this court upon the petition and answers.

*C. T. Phelps*, stated the case.

*J. Ard Haughwout* of New York, (*E. J. Esselstyn* of New York with him,) for Everett J. Esselstyn, trustee.

*J. F. Noxon, Jr.*, "next friend of all persons not ascertained or not in being," *pro se.*

*S. H. Pillsbury*, (*F. S. Moulton, G. K. Black & C. Turner* of New York with him,) for Francis S. Moulton, guardian *ad litem*, and others.

SANDERSON, J. This is a petition for instructions by the sole surviving trustee under the twenty-third clause of the will of Frank Curtiss, who died in Berkshire County on February 4, 1918. By this clause the testator provided that the residue of his estate should be held in trust, the income to be paid to his daughter, Sophia Curtiss, for life, with directions to the trustees in the following language: "if my said daughter shall die without leaving issue her surviving, then to pay over the principal of said trust fund with any accumulations then thereon to her nephews and nieces and to the issue of any of her nephews and nieces who may have predeceased her in such shares, estates and proportions and upon such terms, conditions and limitations as my said daughter shall by her last Will and Testament duly executed legally direct, limit and appoint and in default of such legal direction, limitation and appointment then to her nephews

and nieces and to the issue of any of her nephews and nieces who may have predeceased her in equal shares, per stirpes and not per capita."

Sophia Curtiss died September 24, 1928, without leaving issue surviving. By the eighth clause of her will, duly probated, after reciting portions of the provisions of article twenty-third of her father's will, she divided the part of her father's estate left in trust for her into four equal shares, one share to be held in trust for each of her four living nephews. The directions in the provision for Franklin Curtiss were "(a) to invest safely, reinvest and to keep the same invested safely, to collect the interest and income, arising therefrom and to pay over such net interest and income semi-annually or quarter-yearly, to and for the use of my nephew, FRANKLIN CURTISS, during the term of his natural life, and (b) upon his death to pay over the principal of said trust fund with any accumulations then thereon in equal shares to his brothers, Roy A. Curtiss, Jr., Thomas Quinn Curtiss and Sidney Q. Curtiss, or to such of them as may be living at the time of his (Franklin's) death, and to the issue of any of them who may have predeceased him (Franklin), per stirpes and not per capita; but (c) if my said nephew, Franklin Curtiss, shall have predeceased me leaving issue me surviving, then, upon my death, to pay over, deliver and distribute the principal of said trust fund to such issue in equal parts, per stirpes and not per capita; but (d) if my said nephew, Franklin Curtiss, shall have predeceased me without leaving any issue him surviving, the principal which otherwise would have composed said trust fund shall, upon my death, be equally divided among and added to the trust funds or shares herein created for my other nephews, Roy A. Curtiss, Jr., Thomas Quinn Curtiss and Sidney Q. Curtiss, or the then living issue of any of them who may have predeceased me." Similar provisions were made for the benefit of each of the other three nephews. The daughter had no nieces, and her only nephews were the four named in the eighth article of her will, all of whom are minors, now living, and all of whom were alive when their grandfather Frank Curtiss died. None of the nephews has issue. The

respondent Everett J. Esselstyn is named as trustee under the will of Sophia Curtiss.

Three of the requests for instructions are: (1) whether or not the trust estate now held by the petitioner as trustee under subdivision one of article twenty-third of the will of Frank Curtiss should be transferred and paid over to the respondents, Roy A. Curtiss, Franklin Curtiss, Thomas Quinn Curtiss and Sidney Quinn Curtiss or to their duly appointed guardian or guardians in equal shares free of all trusts; (2) whether or not the said trust estate should be paid over to such person or persons as may be duly appointed by the Probate Court as trustee or trustees under article eighth of the will of Sophia Curtiss; and (3) whether the appointment in trust to each of the four nephews for life was a valid exercise of the power of appointment. The contentions made in behalf of the nephews are that the exercise of the power of appointment is invalid because excessive (1) in undertaking to create a trust in the respondent Esselstyn for the benefit of the nephews; and (2) in undertaking to appoint to the issue of the nephews who did not predecease the testatrix.

The power of appointment was not restricted as to the nature of the estate which the donee might create but authority was expressly given to provide for the payment of the principal fund to the nephews and the issue of any nephews who may have predeceased her "in such shares, estates and proportions and upon such terms, conditions and limitations" as his daughter should by will appoint. These words authorized the creation of trust or life estates before the final distribution of principal. In *Greenough* v. *Osgood*, 235 Mass. 235, 242, the court said: "It is settled that a power of appointment of a fund in favor of children is well exercised by an appointment to trustees in favor of children." The appointment by Sophia Curtiss to trustees for the benefit of her nephews was valid. The language used gave a larger power than that found in *Hooper* v. *Hooper*, 203 Mass. 50, 59, and for that reason the two cases are distinguishable. The petitioner is not entitled to instructions, except in so far as they may be necessary to enable it to perform its present duties.

Such duties in no way relate to the distribution of the trust property at the death of any of the nephews of Sophia Curtiss, and an order relating to that distribution may involve the rights of persons not now in being. *Minot* v. *Taylor*, 129 Mass. 160, 164. *Bullard* v. *Chandler*, 149 Mass. 532, 538. *Old Colony Trust Co.* v. *Treasurer & Receiver General*, 243 Mass. 543, 547.

The question, whether the provision for the gift over in a certain contingency upon the death of a nephew to the issue of any of his brothers who may have predeceased him is valid, need not now be decided, for, if we assume that it is invalid, this provision is so far severable as not to invalidate the gifts in trust to the nephews. The appointment in their favor was well made. In this respect the case falls within the principle stated in *Lovering* v. *Worthington*, 106 Mass. 86 88, and *Greenough* v. *Osgood, supra.* Such a severance would not break up the main purpose of the appointments under the power or make the scheme of the will "hopelessly fragmentary." *Bundy* v. *United States Trust Co.* 257 Mass. 72, 80. Instructions as to the disposition of the property upon an event which has not yet occurred are not now to be given.

A decree may be entered instructing the petitioner that the trust estate held by it under subdivision one of the twenty-third article of the will of Frank Curtiss is not to be paid over to the respondents, Roy A. Curtiss, Franklin Curtiss, Thomas Quinn Curtiss and Sidney Quinn Curtiss, or to their guardian or guardians; that the appointment in trust by Sophia Curtiss in the eighth article of her will, in so far as it made provision in trust for each of her four nephews for life, was a valid exercise of the power of appointment; and that the trust estate described therein be paid over to such person or persons as may be duly appointed by the Probate Court as trustee or trustees under the eighth article of her will. Costs as between solicitor and client are to be in the discretion of the Probate Court.

*Ordered accordingly.*