In the Matter of the Estate of SARAH BROOKMAN VANNECK, Deceased.

Surrogate's Court, New York County, March 7, 1936.

*Mitchell, Taylor, Capron & Marsh,* for the trustee, City Bank Farmers Trust Company.

*Alfred T. Davison,* for the life beneficiary.

DELEHANTY, S. Deceased died in Paris, France, in 1908. Her will establishes a trust to continue during the lives of her husband and her son, with remainder over. The husband died in 1912. The son still survives. Deceased was married to a Canadian subject whose domicile was Canada. Deceased's will was admitted to original probate in this court. By paragraph first the will provides for a gift in trust to deceased's husband " and to such trust company as may be selected by him within six months from the date of my death, by simple instrument in writing signed by him, with power to change the said company or any new one chosen by him at any time in like manner." Pursuant to this power the husband of deceased chose petitioner here as cotrustee. No change was made in the designation and petitioner is now the sole acting trustee. It asks construction of a portion of paragraph fifth of the will which says: " and I further authorize my said executors or trustees and my said husband as life tenant, to retain any of my investments and to invest in any bonds of railroads of any Country as well as in government, State or Municipal bonds of any country or City whatsoever, in addition to the investments allowed by law to executors and trustees." Petitioner asks that this clause be construed to authorize the investment by the trustee in any securities legal for trustees in the State of New York. The life beneficiary asks the same construction.

Since deceased's will was admitted to probate in this State and county, this court has jurisdiction over the administration of the testamentary trust. (Surr. Ct. Act, § 171, subd. 3.) Apart from that section, jurisdiction is established in this court by the fact that in 1913 the trustee filed its account in this court and by appropriate proceedings procured a decree settling the account on October 27, 1914. The situs of the trust administration is further established by the fact that a further judicial settlement of the account of the trustee was obtained by judgment dated April 17, 1923, in an action filed for that purpose in the Supreme Court, New York county. Petitioner is a corporation organized under the laws of the State of New York. Since its appointment it has administered the trust fund in this State and county and the securities constituting the fund are now located here.

The only question is what law is applicable to the administration of this trust. Deceased was actually resident abroad. Her domicile followed that of her husband and hence she must be deemed to have been domiciled in Canada. However, nothing forbids the giving of directions by the testatrix as to the situs of the trust administration of her personalty. While under this will the trust situs was not chosen in words by the testatrix yet the selection of a trust company and the deposit of the securities with it by the husband of deceased pursuant to the authority granted by her is attributable to her. Having fixed the situs of the trust administration in this State it follows as a necessary legal consequence that the laws of the forum are applicable to matters of trust administration. (Restatement of the Law of Conflict of Laws, § 298, subd. c; Id. § 299-a; Beale Conflict of Laws, p. 1024; *Keeney* v. *Morse*, 71 App. Div. 104; *Greenough* v. *Osgood*, 235 Mass. 235; 126 N. E. 461.)

Since the fund is here in charge of a trust company lawfully selected pursuant to authority granted by deceased, the rules for investment of trust funds applicable in this State control the investment of this fund. The trustee is of course authorized to make the investments specifically referred to in the will. In addition it is authorized to make any investments lawful for trustees under the law of this State.

Submit, on notice, decree construing the will accordingly.