In the Matter of the Estate of MARTHA J. McAULIFFE, Deceased.

Surrogate's Court, Westchester County, May 23, 1938.

*Dyer & Kammerer*, for Marion McAuliffe Gerrity, also known as Marion M. Gerrity, as executrix, etc.

*Saxe, Cole & Anderson*, for William Francis Henry Clapp Robertson.

*Austin K. Griffen*, special guardian.

MILLARD, S.   The only question raised in this accounting proceeding is whether or not the residuary trust created under paragraphs " seventh " and " eighth " of the will will be administered under the laws of this State or of the State of Rhode Island.

Decedent, a resident of this county, died on February 21, 1936, leaving a will admitted to probate on March 18, 1936.

The accountant here is the only surviving child of decedent and is named in the will as the sole life beneficiary of the residuary trust above mentioned.   Upon her death, the remainder of said trust passes to her heirs.

The great bulk of the estate consists of securities which have been turned over by the executrix to the Rhode Island Hospital Trust Company, which institution is named as trustee in the will but has not as yet qualified as such in this State.

All of the interested parties have requested the court to hold that the testatrix intended that the said trust be administered under the laws of the State of Rhode Island in order to facilitate the retention of certain securities of a non-legal nature by the trustee.

It appears, from the proof offered, that the father of decedent was the founder of a brewery in the State of Rhode Island known as James Hanley Company and that the stock of this company has ever since been closely held by members of his family.   It further appears that a short time prior to her death, at some personal sacrifice, decedent purchased 4,000 shares of stock in this company to augment the 3,625 shares bequeathed to her by her father. Although this stock was practically worthless upon the date of death of decedent, it has increased in value until, by the end of 1937, the value of her holdings was approximately $244,000, which yielded something over $15,000 in dividends in the year 1937. The testimony of the various witnesses called indicates that it was decedent's intention that this stock be retained by her trustee. As no express provision to this effect is contained in her will, her intention must be gleaned from surrounding circumstances.

In the *first* place, for some time prior to and at the time of the death of decedent, the stock was deposited in a voting trust in the State of Rhode Island.   *Second*, the Rhode Island Hospital Trust Company, a financial institution with which decedent had carried on business for many years, was named in her will as trustee.

The attorneys for the executrix and the special guardian concede that no New York authority directly bearing on this question has been found.   It has, however, been treated by various textbook authorities and there is some dicta opinion in our courts which

serve as a useful guide. In Beale's Treatise on the Conflict of Laws (Vol. 2, at p. 1024) it is stated as follows:

" § 297.1. * * * In the case of a testamentary trust, the seat of the trust is usually the domicil of the testator, where the will takes effect, unless a contrary intention appears, as by naming a foreign trust company as trustee.

" § 297.2 * * * All matters of administration are determined by the law of the situs or seat of the trust. The situs of a trust must be determined by an interpretation of the words by which the trust is created. No rule of law can be laid down for the purpose of interpretation. As has been seen, all indications are considered, such as the intention of the parties, the place of business or domicil of the trustee, the location of the trust *res*, and other similar matters. The seat of the trust having been determined, the law of the State in which the trust is located will apply to its administration." (*Farmers' Loan and Trust Co.* v. *Ferris*, 67 App. Div. 1; *Keeney* v. *Morse*, 71 id. 104.)

The " Restatement of the Law of Conflict of Laws " states as follows:

" § 298. Administration of trust of movables created by will. A testamentary trust of movables is administered by the trustee according to the law of the State of the testator's domicil at the time of his death unless the will shows an intention that the trust should be administered in another State.

" Comment:

" a. Testator's intention. In the case of a testamentary trust, the State in which the testator intended the trust to be administered is presumptively the State of the testator's domicil at the time of his death, since it is natural to suppose that he intended the trust to be administered in the same place in which his estate was to be administered, and under the direction of the courts of that State.

" b. In the case of a testamentary trust, however, it may appear that the trust is located in another State than that of the testator's domicil.

" c. Foreign trust company appointed trustee. If the testator appoints as trustee a trust company of another State, presumptively his intention is that the trust should be administered in the latter State; the trust will, therefore, be administered according to the law of the latter State."

In *Irving Trust Co.* v. *Natica, Lady Lister-Kaye* (157 Misc. 32) the court held: " These trusts were created in England by an English subject domiciled in England. Nevertheless, the construction of the trust agreements must be made in accordance with

the laws of the State of New York inasmuch as that seems to have been the intent of the settlor, judging by the fact that all of the property is located here in New York and that the trusts have been administered here by New York trustees. (*Hutchinson* v. *Ross*, 262 N. Y. 381.)"

The question of intention as to what forum is to administer a trust was passed upon by a learned surrogate in this State in *Matter of Vanneck* (158 Misc. 704), in which it was held: " The only question is what law is applicable to the administration of this trust. Deceased was actually resident abroad. Her domicile followed that of her husband and hence she must be deemed to have been domiciled in Canada. However, nothing forbids the giving of directions by the testatrix as to the situs of the trust administration of her personalty. While under this will the trust situs was not chosen in words by the testatrix yet the selection of a trust company and the deposit of the securities with it by the husband of deceased pursuant to the authority granted by her is attributable to her. Having fixed the situs of the trust administration in this State it follows as a necessary legal consequence that the laws of the forum are applicable to matters of trust administration. (Restatement of the Law of Conflict of Laws, § 298, subd. c; Id. § 299-a; Beale Conflict of Laws, p. 1024; *Keeney* v. *Morse*, 71 App. Div. 104; *Greenough* v. *Osgood*, 235 Mass. 235; 126 N. E. 461.) "

Although mindful of the statutory provisions in this State with respect to the qualification of trustees, I am of the opinion that such provisions apply only when the trust is to be administered within the State of New York. A ruling *contra* in the instant case would undoubtedly result in great financial loss to the beneficiary of the trust and the remaindermen. Competent witnesses have testified that the sale of a large block of stock in the James Hanley Company at this time would seriously imperil the financial standing of the company as well as bring great loss to this estate. The court is not willing to lend itself to the precipitation of such a catastrophe.

I, therefore, hold that the trust situs is in the State of Rhode Island and that the residuary trust in paragraphs " seventh " and " eighth " of this decedent's will should be administered under the laws of that State.

Petitioner has also requested the appointment of one John J. Reilly as successor trustee in the place and stead of the New Rochelle Trust Company in the estate of John W. McAuliffe, deceased. This application is granted.

Settle decree accordingly.