In the Matter of the Estate of WILLIAM D. SHIPMAN, Deceased.

Surrogate's Court, Queens County, December 30, 1942.

*William Gilligan* for Hazel Shipman Ballentine, petitioner.

*Parker & Duryee* for Springfield Safe Deposit and Trust Company, trustee.

*Reynolds, Richards & McCutcheon* for Ethel Hatch, Helen Shipman Bayliss, William D. Shipman, II, and John A. Butler, respondents.

HETHERINGTON, S.  William D. Shipman, a judge of the United States District Court, died at Astoria on September 24, 1898, leaving a last will and testament made on May 5, 1898, which was admitted to probate by this court on October 28, 1898.  On the same day letters testamentary were issued to his son Nelson. The will provided for a primary trust of the residue during the life of testator's widow and upon her death the executor was directed to pay over one-fourth of the capital of the residuary trust to the Springfield Safe Deposit and Trust Company in trust for the benefit of decedent's son and daughter-in-law, with a power of appointment in the latter as to the remainder.

Decedent's wife died on May 13, 1906.  On February 7, 1907, the executor filed his account together with a petition for its settlement.  The Springfield Safe Deposit and Trust Company, hereinafter referred to as the Trust Company, was served by publication but failed to appear in the proceeding.  The petitioner, then an infant, was represented by a special guardian. By decree of this court made on April 25, 1907, the account was settled and the executor and trustee directed to pay over to the said Trust Company, as trustee under the thirteenth clause of decedent's will, the sum of $27,696.35 in principal together with accrued income thereon of $996.21.  Prior to the making of this decree, the executor had filed a petition in the Probate Court for Hampden county, Massachusetts, which stated that decedent's will had been proved and allowed by this court and that he had an estate in said Hampden county consisting of a bequest to the Trust Company.  Based on this petition, the Probate Court for Hampden county made a decree ordering that a copy of decedent's last will and testament be filed and recorded in the Registry of Probate for said county.  The executor did not qualify as such in Massachusetts.  Thereafter, on petition of the Trust Company, the Probate Court for Hampden county made a decree appointing it as trustee under the will of the testator. On May 24, 1907, the Trust Company filed in that court an inventory acknowledging the receipt from the executor of the sum of $27,696.35 in cash as principal and the further sum of $1,026.08 as income.  Since that time the Trust Company has filed in the Probate Court for Hampden county, Massachusetts, nineteen separate accounts of its administration of the trust, covering the period beginning May 23, 1907, and ending November 1, 1939. All of said accounts, except the fifth account, have been judicially settled and allowed and decrees approving the same have been entered in the said Probate Court for Hampden county.  The first and last of these accounts were approved in writing by the

petitioner. The Trust Company was not at the time of the execution of the will, or at any time since, qualified to do business in this State. It never qualified in this court as trustee under the will, has never accounted here or otherwise subjected itself to the jurisdiction of this court. On March 13, 1942, petitioner instituted this proceeding seeking the following relief: (1) That this court direct the Trust Company to qualify in this court as trustee and to account for the trust fund, and (2) upon its failure to qualify and account that the court appoint a successor trustee and direct such trustee to proceed to recover the property in the possession of the Trust Company and (3) for a construction of clause three of article thirteen of decedent's will.

The trustee and the individual respondents, all of whom are nonresidents, were served in this proceeding by publication. All have appeared specially for the sole purpose of contesting the jurisdiction of the court. The respondent-trustee has made a formal motion, based on the affidavit of one of its officers, to dismiss the proceeding upon the ground that the court has no jurisdiction over its person.

In my opinion, this proceeding must be dismissed. The testator by appointing a Massachusetts trust company intended that the trust should be administered in Massachusetts and in accordance with its laws. (*Farmers' Loan & Trust Co.* v. *Ferris,* 67 App. Div. 1; *Keeney* v. *Morse,* 71 App. Div. 104; *Matter of McAuliffe,* 167 Misc. 783; *Matter of Siens,* New York Law Journal, Aug. 16, 1930, p. 2266, FOLEY, S.; Restatement, Conflict of Laws, § 298, Comment c; *Matter of Vanneck,* 158 Misc. 704; *Greenough* v. *Osgood,* 235 Mass. 235; 2 Beale, on Conflict of Laws, pp. 1023–1026.) The fact that the testator was an experienced lawyer and judge and aware of the fact at the time he executed his will that a foreign trust company was unauthorized to administer a trust in New York lends further support to the view that he intended the fund to be administered in Massachusetts. His failure to name a New York trust company is not without significance. The direction in the decree requiring the executor to pay over to the trust company was in accordance with the will and, when this direction was complied with, this court lost further jurisdiction over the administration of the trust fund. The petitioner, although represented by a special guardian, is bound by the decree settling the account and directing distribution. Furthermore, there has been long and continued acquiescence in the administration of the trust by the courts of Massachusetts. Petitioner appears to have been given

notice of the filing of all of the accounts of the trustee which were rendered to the Probate Court for Hampden county and in two instances gave her written consent and approval to their allowance. The petitioner has clearly recognized and consented that the trust be administered in Massachusetts. A disposition of personal property made in this State by a competent testator under a valid testamentary instrument to trustees in a foreign state or country is valid under our law. This is so whether the foreign trust be one for an individual or charitable purpose. (*Hope* v. *Brewer,* 136 N. Y. 126; *Mount* v. *Tuttle,* 183 N. Y. 358, 364; *Matter of Crus,* 98 Misc. 160; *Stieglitz* v. *Attorney-General,* 91 Misc. 139; *Matter of Feehan,* 135 Misc. 903; *Mena* v. *Virnard,* 124 Misc. 637; *Matter of Rasquin,* 159 App. Div. 845.) It is immaterial that the foreign trustee did not qualify or give a bond in this State. (*Matter of Siems, supra.*) The courts of Massachusetts, where the trust was directed to be carried out, alone have jurisdiction. Submit order on notice dismissing the proceeding accordingly.