In the Matter of the Accounting of CHEMICAL BANK & TRUST COMPANY, as Executor and Trustee under the Will of GERALD L. P. GRANT-SUTTIE, Deceased.

Surrogate's Court, New York County, March 9, 1954.

*Edward W. Walker* for executor and trustee, petitioner.

*Skadden, Arps & Slate* for Thomas L. W. Porte, respondent.

COLLINS, S. Decedent was domiciled in the Province of Ontario, Canada. His will was proved in Canada and was admitted to probate in this county. The instrument treats his Canadian assets and his American assets separately and designates a distinct executor and trustee of each body of property. The ninth article of the will bequeaths testator's real and personal property comprising his American estate to the American executor in trust. In one contingency the trust will exist for the lives of four named persons and thereafter for a fixed period of years. In another contingency the trust will continue for the lives of five named persons and the issue of one of them. The trust provisions, whether regarded as creating a single trust or a primary trust and separable subordinate trusts, suspend the power of alienation for at least three lives in being at testator's death and a fixed period of slightly over fifteen years beyond testator's death. Concededly, if the New York rule against perpetuities is applicable to this will, the trust provisions, from whatever angle viewed, are replete with invalidity. Fortunately for testator's testamentary scheme, the validity of the testamentary provisions is to be determined upon the basis of the law of his domicile (Decedent Estate Law, § 47; *Cross* v. *United States Trust Co.*, 131 N. Y. 330; *Bishop* v. *Bishop*, 257 N. Y. 40).

The Canadian rule against perpetuities requires that every estate or interest must vest not later than twenty-one years after the determination of some life in being at the time of the creation of the estate or interest. The additional term of twenty-one years may or may not be independent of a minority or may itself fix the term of suspension (8 Can. Ency. Digest [Ont. ed.], p. 454, Perpetuities; *Ferguson* v. *Ferguson*, 39 U. C. Q. B., 232, revd. 1 Ont. App. 452, revd. 2 Can. Sup. Ct. 497; *Matter of Smith*, 1942 Ont. Wkly. Notes 455; *Matter of Miller*, 1938 Ont. Wkly. Notes 118). The trust provisions of this will are in conformity with the law of testator's domicile and, insofar as they concern personal property in this jurisdiction, the provisions may be effectuated validly by the fiduciary appointed here.

While the validity of the trust provisions is to be determined by the law of testator's domicile, he has here expressed an intention, by the particular treatment of his American assets

and the appointment of a New York trust company as trustee, that his assets in this jurisdiction are to be administered according to the law of this State (*Matter of Berger*, 183 Misc. 366; *Matter of Shipman*, 179 Misc. 303; *Matter of McAuliffe*, 167 Misc. 783; *Matter of Vanneck*, 158 Misc. 704; *Matter of Keeler*, 49 N. Y. S. 2d 592; Restatement, Conflict of Laws, § 298). Certain general powers are granted to the executor-trustee by the seventeenth article of the will. The authority there conferred is plainly expressed and there appears to be no exigency that requires a more precise definition of such powers at this time.

Inherent in testator's purpose to place the administration of the trust under the supervision of the courts of this State is the intention that the executor-trustee be compensated for its services in accordance with the law of the place of administration. This right of the executor-trustee to compensation is not challenged but an income beneficiary asserts that the fiduciary's compensation, both as executor and as trustee, should be borne by the capital fund alone. The court does not find this intention in the will. The provisions of section 285-a of the Surrogate's Court Act placing the burden of trustee's commissions are controlling in the absence of a testamentary direction to the contrary. Testator's will provides that the " whole of the income " be paid to a single individual until the death of such beneficiary when " one-half of the income " is to be paid to each of two other persons until the death of one of such persons when " the whole of the income " is to be paid to the survivor. The suggestion is made that, by use of the word " whole ", testator meant that the gross income be paid out to trust beneficiaries and that trust corpus be charged with the expenses and burdens that, but for testator's use of the word " whole ", would be borne by income. It seems quite clear that testator used the word " whole " in each instance as a direction for payment of trust income to a single individual as contrasted with the direction to divide the income between two persons. The locutions " whole income " and " one-half of the income " plainly express testator's distinction between the number of beneficiaries entitled to income under different contingencies and these expressions convey no thought as to the allocation of administrative expenses or other charges between income and corpus. There is no ambiguity in testator's use of the word " whole " and to try to read hidden meanings into the language would seem to be to completely distort testator's purpose. Questions arising in trust administrations as to the allocation of charges

against either principal or income have been the subject of much judicial consideration and, in the absence of a testamentary direction, the equitable principle of adjusting charges in accordance with benefits received has always been held applicable. The application of equitable principles requires that, in the absence of an explicit mandate of a testator, the trust income beneficiary receive, not gross income, but instead, the net income that remains after deduction of all charges that equitably should be borne by income interests (*Matter of Albertson,* 113 N. Y. 434; *Matter of Jackson,* 258 N. Y. 281; *Matter of Chapal,* 269 N. Y. 464; *Matter of Baxter,* 164 Misc. 183, affd. 250 App. Div. 701, affd. 275 N. Y. 614; *Matter of Mankowski,* 110 N. Y. S. 2d 677; *Matter of Cronise,* 167 Misc. 310; *Matter of Phelps,* 162 Misc. 701; *Matter of Gleason,* 154 Misc. 208; *Matter of Fargo,* 68 Misc. 273; *Matter of Eger,* 139 Misc. 59; 9 A Uniform Laws Ann., § 12). The court holds that commissions for the receipt of income, whether payable to the executor or to the trustee, are not chargeable to the principal of the estate. The objections to the failure to charge such commissions to principal are dismissed.

Submit decree on notice construing the will and settling the account.