Robert W. Bascom, S.
We are called upon to construe article Fourth of the will of Eleanor W. Coolidge, deceased, relative to the investment powers of the trustees thereunder. The will, after disposing of certain chattels, gives and devises the residue *942 in trust to William L. Pay son, a lawyer of Boston, Massachusetts, and Fiduciary Trust Company, a Massachusetts corporation, for the benefit of the several children of the testatrix, with remainder to their issue. The paragraph, of which construction is asked, insofar as material, reads as follows:
“ I give to my said trustees and to any trustee for the time being acting hereunder, full power and authority to retain any investments which I may have at my decease, though, except for the provisions hereof, it might be considered that such investments were not suitable for trust funds, or that any one or more of such investments constituted too large a proportion of the trust property, and to invest and reinvest the whole or any part of the trust property, to change investments and convert real estate into personal estate and vice versa, and to. lease, mortgage, pledge, exchange or sell the whole or any part of the trust property, real or personal, on such terms, and for such considerations, as they shall think best, and to execute and deliver such instruments as are proper for the purpose * * * I direct that my said trustees shall have power conclusively to determine what is principal, and what is income, of the property held by them, including the portion, if any, of the income from wasting investments which should be withheld as principal, and what expenses shall be charged to income and what expenses to principal, their determination to be conclusive whether or not, in the absence of this authority, it would be in accordance with custom or law ’ ’.
The will was executed in February, 1953, at which time testatrix was and always had been a resident of Massachusetts, possibly excepting three years she spent in North Carolina. A codicil to the will, which disposed of some New York real estate and chattels, was executed in April, 1954, at which time she was still domiciled in Massachusetts. Shortly thereafter she removed to this State and died a resident of this county, May 25, 1958. The will and codicil have been admitted to original probate in this county. The bulk of the personal estate which will form the trust corpus consists of over $279,000, mostly in stocks and bonds which have actually been located in Massachusetts since the testatrix commenced the accumulation of her estate in 1924, and are still there. At the time the will was drafted the fund included common stock to the extent of 55%, and at the time of testatrix’ death the proportion thereof was substantially 63%.
Petitioner here seeks a construction which will permit the trustees to invest and reinvest, unhampered by the restrictions of section 21 of the Personal Property Law. Two of the adult *943 beneficiary respondents favor such, a construction. A third beneficiary is opposed, as are the infant contingent beneficiaries and remaindermen, by their special guardian.
Although petitioner seeks a construction of the particular testamentary paragraph quoted, the actual relief sought is in the nature of a request for instructions as to the kind of investments or reinvestments the trustees are authorized to make. The construction sought, therefore, is one of administration of the trust rather than one as to its validity, or as to any ambiguity. The question is whether such investments are subject to the limitations of the laws of this State, or whether Massachusetts law is applicable.
One of the respondents raises the question of partial invalidity of the trusts in his memorandum filed with the court, but not in any pleading. That question is thus not properly before the court for determination at this time, and nothing herein contained is to be taken as determining the validity or partial invalidity of the trusts.
Under Massachusetts laws, trustees are not limited by statute in their investment powers. The so-called “ prudent man ” rule prevails. (Kimball v. Whitney, 233 Mass., 321.) The courts of this State seem uniformly to hold that where a person domiciled in another State or country, creates a trust of personal property having a situs and a trustee in New York, the trust will be administered under the laws of this jurisdiction. (Matter of Vanneck, 158 Misc. 704; Guaranty Trust Co. of N. Y. v. Leach, 168 Misc. 526; Matter of Berger, 183 Misc. 366; Matter of Freed, 71 N. Y. S. 2d 304; Matter of Grant-Suttie, 205 Misc. 640.)
It seems equally well settled that where the domicile of the person creating a trust of movables is in this State when the trust takes effect, but the situs of the trust and the trustees are in another State, the laws of the latter State govern the administration thereof. (Matter of McAuliffe, 167 Misc. 783; Matter of Shipman, 179 Misc. 303; Restatement, Conflict of Laws, § 298, Comment c; 2 Beale, Conflict of Laws, p. 1024.) With this rule Massachusetts is in accord. (Greenough v. Osgood, 235 Mass. 235.)
This testatrix, being domiciled in Massachusetts when the will was drawn by a Massachusetts lawyer, and having been domiciled there, and never in New York, móst of her life, having selected a Massachusetts trust company and a Massachusetts lawyer as her trustees of personal property which was then, and at the time of her death, located in Massachusetts, evidenced an intent that the trusts were to be administered under Massa *944 chusetts law, unless the wording of the will indicates another intent. No such contrary wording is found in the testamentary documents. Her subsequent change of domicile to New York does not affect such construction. (Decedent Estate Law, § 24.)
We therefore conclude that the trustees, insofar as this will creates valid trusts, are not limited by New York’s statutory restrictions on investments, but may invest and reinvest in accordance with Massachusetts law.
Submit decree accordingly.