BRADFORD JONES *vs.* JANET H. JONES & others.

Norfolk.  December 5, 1939. — December 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Trust,* Construction, Distribution.  *Words,* "Divided," "They."

A will providing that a part of a trust fund "shall be divided equally between" the two children of the testator "when said two children arrive at the age of thirty-five years" did not permit distribution of one half of that part to the older of the children upon his reaching that age.

PETITION IN EQUITY, filed in the Probate Court for the county of Norfolk on April 27, 1938.

After a hearing by *McCoole*, J., the petition was dismissed without prejudice.

*A. W. Blakemore*, stated the case.

*R. B. Heavens*, for the petitioner.

*C. C. Colby*, for the respondent, Margery Jones, was not called on.

FIELD, C.J.    Everett Jones, late of Brookline, died testate April 25, 1919, leaving a widow, Janet H. Jones, and two children, Bradford Jones, born March 26, 1904, and Margery Jones, born December 7, 1912. By the eighth paragraph of his will he gave the residue of his estate to trustees "to hold the same in trust and dispose of as follows: It is my will that my said trustees shall keep my estate well invested, and pay the income in quarterly payments and in equal shares to my wife and two children, and should my wife marry at any time after my decease, it is my will that two thirds of her share of said income shall be divided equally between my two children aforesaid, and it is my will that each of my two children shall be paid five thousand dollars out of the principal in the hands of my said trustees when they arrive at the age of twenty-five years, and when said two children arrive at the age of thirty-five years, then two thirds of my estate if my wife is living unmarried, and five sixths if she should marry, shall be divided equally between said two children, and at the decease of my said wife all that remains in my trustees hands if said children have arrived at the age of thirty-five years, shall be divided equally between said two children." And by the tenth clause of his will the testator provided that "All payments both principal and income made under the provisions of this will shall be made directly to the several beneficiaries named on his or her personal receipt only or applied to his or her benefit without power of anticipation or assignment and without liability for his or her debts or obligations."

In *Flye* v. *Jones*, 283 Mass. 136, the trustees of the residuary estate of the testator were instructed as to their duties with respect to the payment of income of the trust. See

also *Jones* v. *Jones*, 297 Mass. 198; *Blakemore* v. *Jones*, 303 Mass. 557.

Bradford Jones, who became thirty-five years old on March 26, 1939, brought this petition on April 27, 1938, in the Probate Court, against Janet H. Jones, Margery Jones and the trustee of the trust, praying that "the trustees be instructed by the court and a decree be entered to the effect that: — By the terms of the will of Everett Jones, one-half of two-thirds of the principal of said trust fund shall be paid to Bradford Jones upon reaching the age of thirty-five years," and for other relief. By amendment to the petition Arthur W. Blakemore, now the sole trustee, was substituted as respondent for the previous trustee. Each of the respondents filed an answer, the respondent trustee stating that he "joins the petitioner in asking the direction of the court as to his duty in the premises," and the other respondents praying that the petition be dismissed.

A decree was entered in the Probate Court reciting that it "appearing that the petition was prematurely commenced; after hearing and consideration, the court doth order and decree that said petition be dismissed without prejudice to the petitioner to commence a new petition at a future and appropriate time." The petitioner appealed to this court.

Obviously the petition is not in any true sense a petition for instructions. It is in substance a petition in equity to compel the trustee to distribute a part — one half of two thirds — of the trust fund to the petitioner. Since we think the contention of the petitioner that, having arrived at the age of thirty-five, he is now entitled to be paid this part of the trust fund is without merit we do not pause to consider whether for any other reason the petition cannot be maintained.

The natural meaning of the language of the eighth paragraph of the will that "when said two children arrive at the age of thirty-five years, then two thirds of my estate if my wife is living unmarried, and five sixths if she should marry, shall be divided equally between said two children,"

is that the division thereby directed shall not be made until both children of the testator, Bradford and Margery, have arrived at the age of thirty-five years. Minute analysis of this language and its context can hardly make its meaning more clear, yet such analysis points conclusively to this interpretation. The provision that two thirds (or five sixths) of the trust estate shall be "divided" contemplates one act occurring at one time, and not two acts occurring at different times. This is the necessary implication of the word "divided" as it is here used. Such being the case the time at which the one act of division is to occur necessarily must be postponed until Margery, the younger child, shall have arrived at the age of thirty-five. It is "then" that the division is to be made, that is, "when said two children arrive at the age of thirty-five years." Margery cannot receive her part of the property in question until she arrives at that age, and until she can do so the property cannot be "divided" between her brother and herself. There is no provision for payment to the children except such as is implied from the direction that the property be "divided." The division directed by the will, however, imports both separation of the estate into parts and payments of these parts to the persons entitled thereto respectively. But a payment to Bradford of one half of the property in question, leaving the other half thereof in the trust, would not be the division "between said two children" that the will directs. On the contrary, such a division would be a division between Bradford on the one hand and the trust on the other — a division that the will does not authorize. Moreover, such treatment of the property in question would not, with any degree of certainty, result in dividing it "equally" between the two children. It is not to be supposed that the testator was not aware of this fact. Substantial fluctuations in value might occur during the more than eight years which must elapse between the time when Bradford arrived at the age of thirty-five years and the time when Margery arrived at that age. And a divergence from equality of division would result if Mrs. Jones should marry after Bradford arrived at the

age of thirty-five years, but before Margery arrived at that age. If equality was to be attained, yet a division made when Bradford arrived at. the age of thirty-five years, a division at that time could be only tentative, subject to correction when Margery arrived at the age of thirty-five years. But there is no indication in the will of any intention on the part of the testator that the division once made should not be final as to the property to be divided before the death of Mrs. Jones.

The interpretation above made is supported by the language of the provision for division of the property remaining in the trust after the death of Mrs. Jones, namely, "at the decease of my said wife all that remains in my trustees hands if said children have arrived at the age of thirty-five years, shall be divided equally between said two children." The condition precedent to this division clearly is that both children shall have arrived at the designated age. Yet the controlling language — "if said children have arrived at the age of thirty-five years" — is the same as in the other provision for division — "when said two children arrive at the age of thirty-five years" — except for a change of "when" to "if," the omission of the word "two" and a change in the tense of the verb, none of which changes indicates a different meaning with respect to the point now under consideration. Moreover, the property to be divided after the death of Mrs. Jones is "all that remains in . . . [the] trustees hands." According to the interpretation of the will urged by the petitioner, if Bradford were paid one half of two thirds (or of five sixths) of the property when he arrived at the age of thirty-five years and Mrs. Jones should die before a similar payment had been made to Margery, so that her part remained in the trust, "all that remains in . . . [the] trustees hands," according to the natural meaning of the words, would include the property held for the benefit of Margery, and Bradford would receive one half thereof, with the result that he would receive a much larger share of the estate to be divided between him and his sister than would his sister — possibly twice as large a share. Obviously no such result was intended by the testator.

The petitioner contends, however, that since the payments of $5,000 that were to be made to "each of my two children" "when they arrive at the age of twenty-five years" were, in the case of each child, to be made when such child arrived at that age, a like interpretation is to be given to the provision for division "when said two children arrive at the age of thirty-five years." But the word "each" in the former provision, coupled with the fact that the amount to be paid to "each" of the children is fixed in amount, shows that these payments were to be independent of each other, and not interdependent, as is the case where payments follow as incidents of a division of property between the two children. The word "they" in the phrase "when they arrive" is to be regarded as used distributively instead of collectively when the context requires. In view of the difference in phraseology between the provision now under consideration and the provision for payments to the children at the age of twenty-five years, the inference that when the same words are used in two or more phrases in a will they are used in the same sense (*Corcoran* v. *Gage*, 289 Mass. 111, 113), cannot be drawn. It is also contended by the petitioner that the testator could not have intended that the payment of one half of two thirds (or of five sixths) of the property should be withheld from his son until he reached an age greater by more than eight years than that at which a similar payment was to be made to the daughter. But it is not unusual to provide that a trust fund be divided when the youngest child entitled to share therein reaches a designated age, and the language of the will naturally interpreted shows such an intention here. We cannot depart from the natural meaning of the language on the conjectural ground that it is not likely that the testator actually intended such a postponement of the payment to his son or on the ground that such an intention would have been unreasonable. It may have been the fact that the testator thought he had reason for providing for such a postponement.

It is, of course, unnecessary to determine the duty of the trustee if Margery should die before she reaches the age of

thirty-five.   Statements hereinbefore made are not to be interpreted as implying any decision upon this question if it should ever arise.

It follows that the petitioner is not entitled to the relief prayed for and that the petition was dismissed rightly. And since the petitioner may be entitled at some future time to an order for payment to him from the principal of the trust estate, and the decree entered on this petition should not be a bar to a proceeding to obtain such an order at an appropriate time, it was proper to make the matter clear by dismissing the petition without prejudice.   See *Lakin* v. *Lawrence*, 195 Mass. 27, 29; *Buttrick* v. *Snow*, 277 Mass. 401, 405–406.

*Decree affirmed.*