E. SOHIER WELCH & another, trustees, *vs.* CABOT JACKSON
MORSE, JUNIOR, & others.

Essex.    May 4, 1948. — September 15, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, SPALDING, & WILLIAMS, JJ.

*Power. Devise and Legacy,* Power.  *Trust,* Trust created by donee of
power.

An exercise of a power to appoint property is not invalid merely because
it is partial and does not exhaust the power.
Under a will establishing a trust and directing that at the death of the
survivor of a group of income beneficiaries, including a nephew of the
testatrix, the trustee should "transfer and pay over . . . [a part of
the trust fund] to the use of the wife and issue" of the nephew "as he
may by will have appointed; provided" that, if the nephew's wife
had been living at the death of the testatrix, he should "appoint to
her no larger interest" in the appointive property "than a right to the
income during her life," a provision in the will of the nephew, who had
died leaving a wife and son surviving, appointing to his wife, who
had been living at the death of the testatrix, the income of all the
appointive property during her life, but not otherwise dealing with
that property, constituted a valid partial exercise of the power;  all
the group of income beneficiaries having died, the appointive property
must be held for administration by the same trustee for the benefit
of the nephew's wife during her life, and its ultimate disposition left
to be determined by future events.

PETITION, filed in the Probate Court for the county of
Essex on August 4, 1947.

The case was heard by *Phelan,* J.

*R. M. Robinson,* stated the case.

*T. L. Gannon,* (*F. X. Ahearn* with him,) for the respond-
ent Cabot Jackson Morse, Jr.

*R. G. Dodge,* for the respondent Anna Braden Morse.

*J. M. Woolsey, Jr.,* for Massachusetts Institute of Tech-
nology.

*H. T. Davis & J. D. Merriam,* for Museum of Fine Arts;
and *J. M. Russell,* for President and Fellows of Harvard
College, submitted a brief.

SPALDING, J. This is a petition by the successor trustees under the will of Marian Hovey for instructions as to the disposition of a trust fund created by her will

The testatrix died in 1898 leaving a brother, Henry S. Hovey, a sister, Fannie H. Morse, and two nephews, Cabot Jackson Morse and John Torrey Morse, 3d. By article seventh of her will she gave her residuary estate to trustees to pay the income to these relatives in such manner that, in the events that actually happened, Cabot Jackson Morse, the survivor of the group, ultimately became entitled to the entire income during his life. By the same article the testatrix made the following disposition at the death of the survivor: "At the death of the last survivor of my said brother and sister and my two said nephews, or at my death, if none of them be then living, the trustees shall divide the trust fund in their hands into two equal parts, and shall transfer and pay over one of such parts to the use of the wife and issue of each of my said nephews as he may by will have appointed; provided, that if his wife was living at my death he shall appoint to her no larger interest in the property possessed by me than a right to the income during her life, and if she was living at the death of my father, he shall appoint to her no larger interest in the property over which I have a power of disposition under the will of my father than a right to the income during her life; and the same limitations shall apply to the appointment of income as aforesaid. If either of my said nephews shall leave no such appointees then living, the whole of the trust fund shall be paid to the appointees of his said brother as aforesaid. If neither of my said nephews leave such appointees then living the whole trust fund shall be paid over and transferred in equal shares to the Boston Museum of Fine Arts, the Massachusetts Institute of Technology, and the President and Fellows of Harvard College for the benefit of the Medical School; provided, that if the said Medical School shall not then admit women [1] to instruction on an equal footing with men, the said President and Fellows shall

---

[1] It was agreed that the Harvard Medical School admits women to instruction on an equal footing with men.

not receive any part of the trust property, but it shall be divided equally between the Boston Museum of Fine Arts, and the Massachusetts Institute of Technology."

While the clause just quoted purported to dispose of the property of which the testatrix had a power to dispose under the will of her late father, George O. Hovey, it was agreed that the petitioners have never received any property under that will and that the fund now before the court comprises only property owned by the testatrix individually.

The brother and the sister of the testatrix died respectively in 1900 and 1922. The nephew John Torrey Morse, 3d, died in 1928, never having married and leaving no issue. After his death the other nephew, Cabot Jackson Morse, received all the income of the trust fund until his death on August 21, 1946. He was survived by a widow, Anna Braden Morse, who was born prior to the death of the testatrix, and by a son, Cabot Jackson Morse, Junior, who was his sole issue. He left a will, the material portions of which are as follows: "Second: I give to my son, Cabot Jackson Morse, Jr., the sum of one dollar ($1.00), as he is otherwise amply provided for. Third: The power of appointment which I have under the wills of my aunt, Marian Hovey, and my uncle, Henry S. Hovey, both late of Gloucester, Massachusetts, I exercise as follows: I appoint to my wife, Anna Braden Morse, the right to the income during her lifetime of all of the property to which my power of appointment applies under the will of Marian Hovey, and I appoint to my wife the right during her widowhood to the income to which I would be entitled under the will of Henry S. Hovey if I were living."

The petitioners asked for instructions with respect to the following questions: "First: Should your petitioners continue to hold said trust fund created by article seventh of the will of said Marian Hovey? Second: If the answer to the first prayer is in the affirmative, should your petitioners pay the entire net income from said fund to said Anna Braden Morse during her life, or should your petitioners make some other disposition of said net income or any part thereof, and if so, what disposition should your petitioners

make? Third: If the answer to the first prayer is in the negative, to whom and in what proportions should your petitioners distribute the principal of said trust fund?"

The decree of the Probate Court was that the petitioners as trustees under the will of Marian Hovey should "continue to hold the said fund and administer it upon the trusts under article seventh of the will of Marian Hovey, as appointed by Cabot Jackson Morse, for the benefit of Anna Braden Morse for and during her lifetime." The case comes to this court on the appeal of Cabot Jackson Morse, Junior, hereinafter called the respondent.

A summary of the respondent's position is that the intention of the testatrix, as gathered from the will as a whole, was to terminate the trust upon the death of the donee of the power and to pay the principal to the wife and issue; that this was a mandatory power of appointment in the nature of a trust for the wife and issue which imposed an obligation on the donee to execute it and apportion the principal; and that, since the donee failed to execute the power, the court as a court of equity must carry out the donor's intention in the only way now possible, namely, by giving one half of the fund outright to the respondent and one half to the wife, the latter's interest, however (due to the fact that she was living during the life of the testatrix), to be limited to the income on this share for life.

The decree was right.

The power of appointment given to Cabot Jackson Morse was a special power to appoint to "his wife and issue" subject to the limitation that if his wife was living at the death of the testatrix (which in fact was the case) no larger interest than a life estate could be appointed to the wife. Thus as events turned out Cabot Jackson Morse had the power to appoint the principal to his issue, the respondent, but in the case of his wife he could only appoint to her the income for life. He saw fit to do only the latter. The power to appoint to the wife was not interwoven with the power to appoint to the issue in such a way that the donee must exercise both or none. Nor was the power restricted to the appointment of only part of the income to the wife. To the

extent that the power was exercised it was valid. The failure of the donee to dispose of the principal of the fund ought not to affect the validity of the appointment of income. A partial exercise of a power is not invalid because it does not exhaust the power.

No case involving the precise question presented here has been brought to our attention nor have we been able to find one. But analogies are not lacking. In *Watson* v. *Watson*, 223 Mass. 425, the donee of a power of appointment was given the power to debar his children from receiving either principal or income from a trust fund. He exercised the power debarring them from receiving principal but did not mention income. It was argued that in so doing the donee failed to execute the power. In rejecting this argument the court said at page 429: "Having power over both [principal and income], the execution was not invalid because he used it only to prevent them from participating in the principal." And it is settled that, where an exercise of a power is in part valid and in part invalid, such exercise, so far as valid, will be given effect if the valid and invalid elements are separable. *Greenough* v. *Osgood*, 235 Mass. 235, 242. *Old Colony Trust Co.* v. *Richardson*, 297 Mass. 147. Restatement: Property, § 362. Thus in *Greenough* v. *Osgood*, cited above, it was held that an appointment to one for life followed by a remainder over which was void for remoteness would be upheld as to the · life estate. See Gray, Rule against Perpetuities (4th ed.) § 531. It is likewise established that, where one has power to appoint in fee, an appointment of a lesser estate, unless the instrument creating the power otherwise provides, is valid. *Bovey* v. *Smith*, 1 Vern. 84. *Guild* v. *Mayor & Common Council of Newark*, 87 N. J. Eq. 38, 43. *Butler* v. *Huestis*, 68 Ill. 594, 597–598. *Mays* v. *Beach*, 114 Tenn. 544, 549. Sugden on Powers (8th ed.) 272. Tiffany, Real Property (3d ed.) § 690. Compare *Hooper* v. *Hooper*, 203 Mass. 50, 59.

The foregoing authorities make it plain that the exercise of a power of appointment to be valid need not be complete. Applying this principle here, we hold that the exer-

cise of the power by the donee in favor of his wife was valid. We have carefully examined the entire will of Marian Hovey and find nothing in it which requires a different conclusion. It is true, as the respondent has argued, that her will discloses an intent to keep her property in the family, but it also reveals an intent to furnish her nephews with the means of providing for their wives. The exercise of the power in the manner disclosed here is not such as to render the scheme of the testatrix "hopelessly fragmentary." [1]

We are also of opinion that the trustees under that will should administer the trust during the life of Anna Braden Morse. See *Lovejoy* v. *Bucknam*, 299 Mass. 446, 451–455. What disposition should be made of the trust fund after the death of Anna Braden Morse is a question not before us and we express no opinion on it. The petitioners seek instructions only as to their present duties. See *National Shawmut Bank* v. *Morey*, 320 Mass. 492; *Young* v. *Jackson*, 321 Mass. 1, 6–7.

The decree of the Probate Court is affirmed. Reasonable allowances for costs and expenses of the proceedings before us may be allowed to the parties or to their counsel in the discretion of the Probate Court. The compensation of the trustees is properly the subject of their subsequent accounting.

*So ordered.*

---

[1] See *Bundy* v. *United States Trust Co.* 257 Mass. 72, 80.