AUGUSTUS P. LORING, trustee, *vs.* ANNA BRADEN MORSE & others.

Essex.    October 8, 1954. — December 17, 1954.

Present: QUA, C.J., LUMMUS, WILLIAMS, & COUNIHAN, JJ.

*Trust*, Compromise of claim, Recovery of assets. *Probate Court*, Compromise. *Laches*. *Equity Jurisdiction*, Laches. *Estoppel*.

Following the bringing of a proceeding in a Probate Court in behalf of a trust to enforce an equitable claim to property alleged to be an asset of the trust derived from the estate of the father of the creator of the trust and to have been improperly diverted from the trust, and a compromise of the claim by authority of the court whereby a decree was entered ordering a respondent to pay a sum of money to the trust in discharge of the claim, the money so paid by him, even if paid out of his personal funds and not from the property claimed by the trust, must be dealt with by the trustee in the same manner as if paid in satisfaction of a decree entered on the merits supporting the allegations

made in behalf of the trust and must be distributed to one who had been held by a previous decision of this court to be entitled to distribution of property of the trust derived from the estate of the creator's father. [64-65]

Laches in asserting a claim to certain property of a trust which had been received and was held by the trustee as though derived directly from a certain source was not shown where the claim was asserted within a few months after a decision of this court that the claimant was entitled to distribution of trust property derived from that source. [65]

Estoppel to claim a right to distribution of certain property of a trust was not shown by the fact that the claimant had assented to a decree of a Probate Court authorizing a compromise whereby the property was received by the trust and added to its principal and thereafter had accepted income from such property, where such conduct of the claimant had not adversely affected the rights of others in the trust. [65]

PETITION, filed in the Probate Court for the county of Essex on November 23, 1953.

The respondent Anna Braden Morse appealed from a decree entered by *Phelan*, J.

*Roy M. Robinson*, stated the case.

*Robert G. Dodge*, (*Harold S. Davis* with him,) for Anna Braden Morse.

*Thomas L. Gannon*, for Edmund Bailey Frey and others, executors.

WILLIAMS, J. This is a petition by Augustus P. Loring (formerly Augustus P. Loring III), succeeding trustee under the will of Marian Hovey, filed in the Probate Court on November 23, 1953, for instructions as to the disposition of $22,496.17 which was received by the preceding trustee from one Burns in the circumstances hereinafter described. The respondents are Anna Braden Morse who is the widow of Marian Hovey's nephew, Cabot Jackson Morse, and the executors of the will of Cabot J. Morse, Junior, who was the son of Cabot Jackson Morse.

George O. Hovey, the father of Marian Hovey, died in 1877. By his will, as modified by a codicil, he left the residue of his estate in trust for the benefit of his three children, Marian Hovey, Henry S. Hovey, and Fanny H. Morse, for their lives. It was provided that the trust should terminate on the death of the survivor of Henry

and Fanny and the principal be paid to the testator's heirs then living. The will authorized each child who should die before, or simultaneously with, the termination of the trust, to "dispose of, by will or appointment, one-sixth part of such principal, unless such deceased child shall leave issue her or him surviving, in which event such issue shall take, by representation, such one-sixth." Marian died unmarried in 1898 and Henry died, also unmarried, in 1900. The trust terminated in 1922 on the death of Fanny who left two sons J. Torrey Morse and Cabot Jackson Morse.

By the seventh article of her will Marian left in trust "All the residue of the property, real, personal and mixed, of which I may be possessed at my death, or over which I may have any power of appointment, and especially the property of which I have power to dispose by the will of my late father, George O. Hovey." She provided that the income from the trust be paid to her brother and sister and after their deaths to her nephews J. Torrey Morse and Cabot Jackson Morse. The will contained the further provision that "At the death of the last survivor of my said brother and sister and my two said nephews, or at my death, if none of them be then living, the trustees shall divide the trust fund in their hands into two equal parts, and shall transfer and pay over one of such parts to the use of the wife and issue of each of my said nephews as he may by will have appointed; provided, that if his wife was living at my death he shall appoint to her no larger interest in the property possessed by me than a right to the income during her life, and if she was living at the death of my father, he shall appoint to her no larger interest in the property over which I have a power of disposition under the will of my father than a right to the income during her life; and the same limitations shall apply to the appointment of income as aforesaid. If either of my said nephews shall leave no such appointees then living, the whole of the trust fund shall be paid to the appointees of his said brother as aforesaid."

In 1922 John T. Morse, the trustee under the will of George O. Hovey, distributed the principal of the trust fund held under the terms of that will in equal shares to the testator's heirs then living, J. Torrey Morse and Cabot Jackson Morse. In this distribution Cabot Jackson Morse received securities of the approximate value of $300,000, which for the purposes of this case we assume constituted one half of the one sixth of the principal of the George O. Hovey trust over which Marian had the power of appointment. At the time of this distribution and until his death in 1946 Cabot Jackson Morse was one of the trustees under the will of Marian Hovey. He did not pay over to the Marian Hovey trust or account for any of this portion of the principal of the George O. Hovey trust which he had received, but retained it personally. J. Torrey Morse died in 1928 without ever having married, and thereafter Cabot Jackson Morse was entitled to the entire income of the Marian Hovey trust and held the power to appoint the whole trust fund by will to his "wife and issue." In 1934 he made a gift of substantially $300,000 to trustees to pay the income to his wife Alice Burns Morse for her life and provided that she have a general power to appoint the principal of this fund by her will. Alice Burns Morse died in 1941 leaving a will whereby this power was exercised and the fund left to trustees to pay the principal, after certain life estates which have now terminated, to her nephew Howard W. Burns.

After the death of Alice Burns Morse, Cabot Jackson Morse married the respondent Anna Braden Morse. On his death in 1946 his heirs were his wife and a son by his first wife, Cabot J. Morse, Junior. In paragraph 2 of his will he gave his son Cabot J. Morse, Junior, the sum of $1 "as he is otherwise amply provided for." In paragraph 3 it was provided: "The power of appointment which I have under the wills of my aunt, Marian Hovey, and my uncle, Henry S. Hovey . . . I exercise as follows: I appoint to my wife, Anna Braden Morse, the right to the income during her lifetime of all of the property to which my power

of appointment applies under the will of Marian Hovey, and I appoint to my wife the right during her widowhood to the income to which I would be entitled under the will of Henry S. Hovey if I were living."

In the fourth paragraph it was provided: "All the rest, residue and remainder of my estate, wherever situated, real or personal, in trust or otherwise, I leave outright and in fee simple to my wife, Anna Braden Morse . . . ." Anna was living at the death of Marian Hovey but not at the death of Marian's father.

Cabot J. Morse, Junior, died in 1948, a resident of Alton in the State of New Hampshire. Pending proceedings in that State respecting the allowance of his will, Frederick T. Doyle, Esquire, was appointed administrator of his estate in this Commonwealth. In October, 1949, Mr. Doyle filed a petition in the Probate Court joining as respondents the surviving trustee under the will of Marian Hovey, the executors of the will of Cabot Jackson Morse, the trustees under the will of Alice Burns Morse, and Howard W. Burns. In the petition it was alleged that the trustee of the Marian Hovey trust had a claim against the estate of Cabot Jackson Morse to recover property of not less than $300,000 in value which was an asset of the trust and had been wrongfully transferred without consideration by Morse to trustees for his wife Alice Burns Morse; that this property consisted of the same securities or their proceeds which he had received from the distribution of the George O. Hovey trust; and that these same securities or their proceeds were held by the trustees under the will of Alice Burns Morse for the benefit of Howard W. Burns who had become entitled to a distribution of the principal of that trust. It was further alleged that the trustee of the Marian Hovey trust had refused to act because of his interest in the estate of Cabot Jackson Morse of which he was a co-executor and that the petition was brought by the estate of Cabot J. Morse, Junior, as remainderman of the Marian Hovey trust to enforce the claim for the benefit of that trust. It was sought to charge the assets of the Marian

Hovey trust held by the trustees of the Alice Burns Morse trust with an equitable lien, to have the lien foreclosed, and to have the proceeds of the foreclosure paid over to the trustee of the Marian Hovey trust.

On February 1, 1950, the Probate Court authorized the trustee of the Marian Hovey trust to compromise the "demand" made in this petition by receiving from Howard W. Burns the sum of $30,000. On February 6, 1950, a decree was entered ordering Howard W. Burns to pay $30,000 to the trustee of the Marian Hovey trust "to be accounted for by said trustee as assets of the said Marian Hovey trust . . . said payments to be made out of any assets which shall be distributed to said Howard W. Burns by . . . [the] trustees under the will of said Alice B. Morse . . . ." It was further provided in the decree that upon such payment all claims of the Marian Hovey trust against the funds in the Alice B. Morse trust, against the trustees of that trust, and against Howard W. Burns "be discharged." Anna Braden Morse, although not originally joined as a party, had entered an appearance and assented to these decrees. The trustee of the Marian Hovey trust received from Burns $30,000 and after paying from it the costs and expenses of the suit added the balance of $22,496.17 to the principal of the trust. He invested it with other funds of the trust and has since paid the income received from it to Anna Braden Morse.

The petitioning trustee prays for instructions as follows: "First: Should your petitioner pay to the respondent, Anna Braden Morse, from the principal of the trust fund under the will of said Marian Hovey, the sum of $22,496.17 representing the net amount received by the then trustee under the will of said Marian Hovey from said Howard W. Burns in settlement of the claim" of Mr. Doyle, administrator? "Second: If the answer to the first prayer is in the negative, should your petitioner pay to the respondent, Anna Braden Morse, from the principal of the trust fund under the will of said Marian Hovey any sum by reason of the money so received from said Howard W. Burns, and if

so, what amount should your petitioner so pay to said Anna Braden Morse?" The case was submitted to the Probate Court on the pleadings and certain documents which were admitted in evidence without objection. A decree was entered on March 30, 1954, instructing the petitioner as follows: "1) in answer to the first question: that the petitioner should not pay the sum of $22,496.17, representing the net amount received in settlement from the said Burns, to the respondent Anna Braden Morse; and 2) in answer to the second question: that no amount should be paid by said petitioner out of the principal of the said trust fund to the respondent Anna Braden Morse on account of the money so received from the said Burns." From this decree Anna Braden Morse appealed.

The filing of the petition followed a claim made by Anna Braden Morse in October, 1953, that she be paid outright this sum of $22,496.17 which was received by the trustee as above described. The instructions to be given respecting such payment depend on whether this sum of money when received by the trustee was then held by him as if originally received from the trustee of the George O. Hovey trust as a part of the one-sixth portion of that trust over which Marian had a power of appointment.

Certain questions involving the administration of the Hovey and Morse estates have previously been before this court. See *Welch* v. *Morse*, 323 Mass. 233; *Massachusetts Institute of Technology* v. *Loring*, 327 Mass. 553; *Frye* v. *Loring*, 330 Mass. 389.

In *Welch* v. *Morse*, 323 Mass. 233, decided in 1948, it was held that the appointment made by Cabot Jackson Morse in the third paragraph of his will to his wife for her life of the income from all of the property to which his power of appointment under Marian Hovey's will applied required that the trustee hold the entire principal during her life and that the failure to appoint to "issue" did not entitle Cabot J. Morse, Junior, to a present distribution of one half of such principal. At the time of that decision the Marian Hovey trust had received nothing from the George O. Hovey trust.

In *Frye* v. *Loring*, 330 Mass. 389, it was held that, although Cabot Jackson Morse could only appoint to his wife for life that part of the Marian Hovey trust which was derived from her own estate, he could appoint to his wife in fee so much of the Marian Hovey trust as was derived from the George O. Hovey trust. It was decided that, by the residuary clause of his will, he had validly appointed to his wife Anna Braden Morse in fee such part of the Marian Hovey trust as was derived from the George O. Hovey trust. If the money received by the trustee of the Marian Hovey trust from Burns is to be accounted for by the trustee as if it had been directly received from the trustee of the George O. Hovey trust, it is settled by *Frye* v. *Loring* that Anna Braden Morse is entitled to have it distributed to her.

The executors of the will of Cabot J. Morse, Junior, who have received ancillary appointment in this Commonwealth, contend that the payment by Burns of $30,000 was made from his personal funds, that the money was no part of the proceeds of the $300,000, and that when received by the trustee of the Marian Hovey trust it was not part of the George O. Hovey trust over which Marian Hovey had exercised her power of appointment. Assuming that the payment by Burns was made from his own property, of which we find no evidence in the record, such fact would not be material. The money was paid in order to effect a compromise of a claim based upon allegations that the trustees under the will of Alice Burns Morse held property for the benefit of Howard W. Burns which had been derived from the George O. Hovey trust and to which the trustee of the Marian Hovey trust was equitably entitled. If a decree supporting these allegations had been entered upon the merits, the money received in satisfaction of that decree would have been received by the trustee of the Marian Hovey trust as a part of the fund which his preceding trustee ought to have received at the time the $300,000 was improperly paid to Cabot Jackson Morse. We think that the money paid in compromise by authority of the court

must be held and accounted for in the same way as if paid in satisfaction of a decree entered upon the merits. See *Newburyport Society for Relief of Aged Women* v. *President & Fellows of Harvard College,* 310 Mass. 438.

The respondent executors further contend that Anna Braden Morse has been guilty of laches, and that by assenting to the decree authorizing the compromise and later accepting income from the proceeds of the compromise she is now estopped from asserting her present claim. We think that these contentions have no merit. Her claim was made within a few months of the decision in *Frye* v. *Loring,* where it was finally determined that under the residuary clause of her husband's will she was entitled in fee to so much of the principal of the Marian Hovey trust as was derived from the George O. Hovey trust. Nothing that she had previously done has adversely affected the rights of others in the Marian Hovey trust. *Mosely* v. *Briggs Realty Co.* 320 Mass. 278, 283–284. *Delaware & Hudson Co.* v. *Boston Railroad Holding Co.* 328 Mass. 63, 80.

The decree of the Probate Court must be reversed and a decree entered instructing the petitioner to pay to the respondent Anna Braden Morse from the principal of the Marian Hovey trust the sum of $22,496.17 with such income derived from it as may have accumulated. Costs and expenses of appeal are to be in the discretion of the Probate Court.

*So ordered.*